PHILLIPS v. BUTLER COUNTY, Plaintiff in Error.

Division Two, March 30, 1905.

1. **SWAMP LANDS: State Board of Education: Power to Employ Attorney.** The General Assembly had the power under the provisions of the Constitution (sec. 4, art. 11) to create a State Board of Education with power to employ an attorney in each Congressional district, as provided by the statutes (secs. 9814 and 9817, R. S. 1899), to look after the swamp and overflowed lands in any county, the titles to which are vested in the county for use of the public school fund. And the employment of an attorney to assist in the defense of an action brought by private parties against the county to have a decree previously rendered in favor of the county set aside, and to quiet the title of the land embraced in the suit, is within the scope of the powers so conferred on the State board by the statute. The statute was intended for the public good, and should be liberally construed with a view to carrying out that intention.

2. **COUNTY COURT: Swamp Lands: Power to Employ Attorney: Ratification.** An order of the county court authorizing an attorney to assist the county attorney in the defense of suits brought by private parties to have set aside a decree vesting the title of swamp lands in the county for use of the school funds, is invalid. Nor can the court by an order of record, made after the services have been performed, ratify such an order, for the order being void it cannot be made valid by a subsequent order ratifying it. Nor does the fact that the attorney so employed assisted the county attorney, by and with the knowledge and consent of the county court, amount to a ratification of the supposed contract of employment. Nor does the fact that the court, during the time such services were being rendered, directed a warrant to issue payable to him for expenses incurred by him on behalf of the county in defending such suit, amount to a ratification of the original void order.

3. ———: ———: ———: ———: **Act of 1895: Prospective.** The act of 1895 (Laws 1895, p. 44), giving to the county court power to employ an attorney to represent the county in the recovery of swamp lands belonging to the schools of the county, and to quiet the title of the county to such lands, is not a retrospective law. It does not mention suits then pending, nor the suits for which the attorney rendered services in this case, and there being nothing on its face to indicate that it was intended to be retrospective in its operation, it must be held to be prospective

only. And, hence, it cannot be held that that act authorized the county court to ratify a contract of employment of an attorney theretofore entered into and under which the attorney had rendered the services for which he seeks compensation, for that contract being void this act was no authority for rendering it valid.

4. ———: ———: ———: **Estoppel.** Estoppel does not apply to counties. So that a county, when sued for legal services rendered on behalf of the county, is not estopped to deny that the county court had no authority to make the contract employing the attorney who rendered them.

5. ———: ———: ———: **Limit of Recovery.** An attorney employed by the State Board of Education to assist in the defense of certain suits then pending by which it was sought to divest out of the county the title to certain lands, is entitled to compensation for services rendered in the recovery of only such lands as were alleged by the petition in that suit to have been owned and claimed by the county, and such other lands belonging to the county as were actually involved in the litigation and in respect to which the attorney rendered legal services.

Error to Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

Reversed and remanded.

*William N. Barron* for plaintiff in error.

(1) Title to and control over swamp land is vested in the several counties. R. S. 1899, sec. 8195; R. S. 1889, sec. 6461; Barton Co. v. Walser, 47 Mo. 197; Pool v. Brown, 98 Mo. 678; Simpson v. Stoddard Co., 173 Mo. 421. (2) The powers of the State Board of Education are limited to those granted by statute. It is only in the event of misappropriation of swamp land, or the funds arising therefrom, that the State Board of Education is authorized to move. Direction of plaintiff by the State Board of Education to assist in the defense of an action brought by private parties against Butler county, to set aside a decree previously rendered in favor of the county and to quiet title, was *ultra vires* the State Board of Education and imposed no obliga-

tion upon the county. Constitution, art. 4, sec. 48; Constitution, art 11, sec. 4; R. S. 1899, sec. 9815; Heidelberg v. St. Francois Co., 100 Mo. 72; Butler v. Sullivan Co., 108 Mo. 633; Unionville v. Martin, 95 Mo. App. 36. (3) The State Board of Education having no authority to direct the plaintiff to render the service alleged to have been performed, and no contract that conformed to the provisions of section 6759, Revised Statutes 1899, having in fact been made with plaintiff by the State Board of Education, the payment, by Butler county to plaintiff, on July 1, 1895, of $280 on account of expenses or services, imparted no validity to any previous unauthorized employment, either by way of contract, ratification or estoppel. Constitution, art. 4, sec. 48; R. S. 1899, sec. 6759; Johnson v. School District, 67 Mo. 320; Heidelberg v. St. Francois Co., 100 Mo. 72; State ex rel. v. Milling Co., 156 Mo. 634; Anderson v. Ripley Co., 80 S. W. 263; McKissick v. Mt. Pleasant Twp., 48 Mo. App. 418; Unionville v. Martin, 95 Mo. App. 36. (4) County courts have no powers except such as are granted, defined and limited by law, and like all other agents they must pursue their authority and act within the scope of their powers. Wolcott v. Lawrence Co., 26 Mo. 272; Book v. Earl, 87 Mo. 256; Sturgeon v. Hampton, 88 Mo. 213; State ex rel. v. Harris, 96 Mo. 37; Anderson v. Ripley Co., 80 S. W. 265. (5) The county court of Butler county had no power to employ counsel to defend nor to assist in the defense of an action in which the county was interested or a party, and the alleged employment of plaintiff, by virtue of the order of the county court of Butler county, made May 7, 1890, was void, and no liability against the county can be predicated thereon. Thrasher v. Greene Co., 87 Mo. 420; Butler v. Sullivan Co., 108 Mo. 633. (6) The order made by the county court of Butler county, on May 7, 1890, reciting that plaintiff, the attorney who had been selected by the State Board of Education, be, and he is hereby employed to assist the

prosecuting attorney of Butler county in the prosecution or defense of any and all cases wherein the swamp land interest of Butler county is involved, and especially is he employed to assist said prosecuting attorney in the defense of the interest of Butler county in the case now pending in the circuit court of said Butler county, wherein the F. G. Oxley Stave Company, and F. G. Oxley, trustee, are plaintiffs, was not only *ultra vires* the county court, because not authorized by law, but void as a contract of employment, because expressly forbidden by mandatory statute.  Constitution, art. 4, sec. 48; R. S. 1889, sec. 3157; R. S. 1899, sec. 6759; Maupin v. Franklin Co., 67 Mo. 327; Woolfolk v. Randolph Co., 83 Mo. 503; Anderson v. Ripley Co., 80 S. W. 263; Crutchfield v. Warrensburg, 30 Mo. App. 458; Inhabitants of Schell City v. Rumsey, 39 Mo. App. 267; Furn. Co. v. District, 51 Mo. App. 551; Taylor v. School District, 60 Mo. App. 374.    (7)    The county being in May, 1890, without power to contract with plaintiff for the performance of services as an attorney, and no contract that conformed to the provisions of section 6759, Revised Statutes 1899, having in fact been made with plaintiff by Butler county, the payment on July 1, 1895, of $280 to plaintiff, on account of expenses or services, imparted no validity to the previous void employment, either by way or contract, ratification or estoppel.  Constitution, art. 4, sec. 48; R. S. 1899, sec. 6759; Johnson v. School District, 67 Mo. 320; Maupin v. Franklin Co., 67 Mo. 327; Heidelberg v. St. Francois Co., 100 Mo. 72; State ex rel. v. Milling Co., 156 Mo. 634; Anderson v. Ripley Co., 80 S. W. 263; Crutchfield v. Warrensburg, 30 Mo. App. 458; McKissick v. Mt. Pleasant Twp., 48 Mo. App. 418; Furn. Co. v. District, 51 Mo. App. 551; Unionville v. Martin, 95 Mo. App. 36.    (8)    From a void contract with a county or other municipal corporation, no cause of action can arise, either of *quantum meruit* or sounding in damages.  Constitution, art. 4, sec. 48; Maupin v. Franklin Co., 67 Mo. 330; Keating

v. Kansas City, 84 Mo. 419; Verdin v. St. Louis, 131 Mo. 97; Anderson v. Ripley Co., 80 S. W. 265; Taylor v. School District, 60 Mo. App. 375.

*Sam M. Phillips* and *James F. Green* for defendant in error.

(1)   The State Board of Education, which originally employed plaintiff, is a constitutional body, and was expressly authorized by statute to make such employment.    Constitution, art. 11, sec. 4; R. S. 1899, secs. 9814-9817.   (2)   County courts, in the management of swamp lands, are not the agents of the county, but the agents of the State, and the title to such swamp lands is in the counties for the specific purposes provided by statute. R. S. 1899, sec. 8195; Simpson v. Stoddard Co., 173 Mo. 421; Barton County v. Walser, 47 Mo. 197; Board of Education v. Boyd, 58 Mo. 276; Washington County v. Boyd, 64 Mo. 179.   (3)   The right to employ the plaintiff by the county is conceded, and, although the attempted employment may not have been in the manner required by statute, yet the county unquestionably ratified it and is liable.   Walters v. Lemp, 115 Mo. 524; Walker v. Linn County, 72 Mo. 650; Water Co. v. Aurora, 129 Mo. 540; Thrasher v. Green County, 87 Mo. 419; Thrasher v. Green County, 105 Mo. 244; Reynolds v. Clark County, 162 Mo. 683; Water Co. v. Neosho, 136 Mo. 509; Dunklin County v. Chouteau, 120 Mo. 577.   (4)   No error was committed in the admission of evidence on part of plaintiff, as all the evidence offered tended   to   prove   the   services rendered by plaintiff.

BURGESS, P. J.—This is an action by plaintiff for services rendered by him as an attorney-at-law for defendant in and about its swamp and overflowed lands.   The suit was begun in the circuit court of Butler county, but the venue was thereafter changed to the

circuit court of Wayne county where it was finally tried, resulting in a verdict and judgment in favor of plaintiff for the sum of $6,045.

After unavailing motions by defendant for new trial and in arrest, the defendant sued out this writ of error.

The petition alleges that in March, 1869, the circuit court of Butler county rendered a decree, in a suit wherein Butler county was plaintiff and the Cairo & Fulton Railroad Company, John Moore, John Wilson and Albert G. Waterman, were defendants, which cancelled a patent that in 1857 had been issued by the State of Missouri to the Cairo & Fulton Railroad Company, for 100,868 acres of swamp land; that in August, 1889, the F. G. Oxley Stave Company and Frederick G. Oxley, trustee, filed in the Butler County Circuit Court, a bill by which it was sought (1) to set aside the decree, so, in 1869, obtained by the county against the Cairo & Fulton Railroad, (2) to cancel certain conveyances made by Butler county to purchasers of swamp land described in the 1869 decree, and (3) to quiet title in the Oxley Stave Company and F. G. Oxley, trustee.

The petition further alleges that plaintiff on November, 1889, was appointed by the State Board of Education to bring suits to recover, and defend all suits in which swamp or other lands might be brought in question in any way within the Fourteenth Congressional district; that the State Board of Education, upon being duly advised by plaintiff of the institution of the said suit in the circuit court of Butler county, Missouri, wherein the F. G. Oxley Stave Company and Frederick G. Oxley, trustee, were the plaintiffs, and Butler county et al. were the defendants, by its order of record bearing date January 20, 1890, ordered this plaintiff to interpose a defense and assist in the defense of the said suit brought by the said F. G. Oxley Stave Company and Frederick G. Oxley, trustee,

against Butler county et al., then pending in the circuit court of Butler county, Missouri. That on the 7th day of May, 1890, the plaintiff presented a certified copy of said order, so made by the said board of education, to the county court of Butler county and the said order was by the said court, while in session, ratified and approved, and the said county court thereupon, by its order of record empowered, employed and contracted with this plaintiff to defend the county of Butler and its interests involved in said suit.

The petition further avers that immediately after the employment and contract above referred to, plaintiff, in said Oxley Stave Company case, rendered services as counsel of the reasonable value of $12,600; that he had been paid $955 on account of services and necessary expenses; and that he "has appeared time and again before the county court of Butler county, Missouri, since the final determination of said suit, and has sought and endeavored to have a settlement with the county court of Butler county as to the reasonable value of the services rendered by him in behalf of said county in said cause; that he has presented his reasonable claim for his said services in said county court, but that said county court has refused and neglected to agree with him as to the value of his said services, or to pay him for said services, or to place any value on said land, or to allow him any sum as compensation for his services." The petition concludes with a prayer for judgment for $11,645 and asks that the same be declared a lien upon the swamp land, the proceeds of sales thereof, and upon the capital school fund of the county, and in default of payment that the swamp land of the county be sold, etc.

Plaintiff proved that on July 10, 1885, by resolution adopted by the State Board of Education, he was by it selected and appointed to institute and prosecute any suit necessary to recover any of the swamp land

or the proceeds thereof, "within the Fourteenth Congressional district, that may have been diverted or misapplied."

On part of plaintiff it was shown that on the 10th day of July, 1885, the State Board of Education adopted the following resolution:

"Resolved, that Henry N. Phillips, attorney-at-law, residing in Bloomfield, in the Fourtenth Congressional district, be, and he is, hereby appointed and employed by the State Board of Education to institute any suit or suits necessary and proper, and prosecute the same for the purpose of recovering in the name of the State and in behalf of the public schools of the counties within said district, such lands, or the proceeds thereof, as may have been misapplied or diverted from their legitimate use, as set forth by the grant of such lands for said schools."

And, on the 7th day of May, 1890, the following proceedings occurred in the county court of Butler county:

"Third day, May term, May 7, 1890. H. N. Phillips appointed to assist R. F. Scott, prosecuting attorney.

"It is hereby ordered by the court that Henry N. Phillips, attorney for the State Board of Education, within and for the Fourteenth Congressinal district of Missouri, be, and he is, hereby employed to assist the prosecuting attorney of Butler county in the prosecution of [or] defense of any and all cases wherein the swamp land interest of Butler county is now involved, and especially is he employed to assist said prosecuting attorney in the defense of the interests of Butler county in case now pending in the circuit court of said Butler county, wherein F. G. Oxley Stave Co., and F. G. Oxley, trustee, are plaintiffs, and Butler county and Ann R. Allen, the St. Louis, Iron Mountain Railroad Co., and others, are defendants."

Plaintiff introduced evidence tending to show the services to be worth about $10,000.

The defendant county by demurrer to the evidence at the close of plaintiff's case, and again at the close of all the evidence, urged the trial court that this order of the county court was, as a contract of employment, in violation of section 6759, Revised Statutes 1899, and utterly void, but the demurrer was overruled.

The State in 1857 patented 100,868 acres of swamp land to the Cairo & Fulton Railroad, and the decree obtained by Butler county, in 1869, annulled the State patent to the same quantity of land. But between the date of the patent to the Cairo & Fulton Railroad, 1857, and the institution, in 1889, by the Oxley Stave Company, of the suit wherein the plaintiff alleges he performed services, Butler county had disposed of all the land described in the conveyance by the State to the Cairo & Fulton Railroad, except about 3,000 acres. The action brought by the Oxley Stave Company was against Butler county and more than one hundred other defendants—grantees, more or less immediate or remote, of Butler county, and the plaintiff in that case claimed only 40,269 of the 100,868 acres described in the patent to the railroad and in the cancelling decree. Hence, 60,599 acres of the land in the patent made by the State and in the annulling decree were not in controversy in the Oxley Stave Company case, and of the remaining 40,269 acres of land 1,500 acres remained unsold in Butler county. These facts appear by the petition in the Oxley Stave Company case introduced by the plaintiff in the case at bar. Yet he claimed to be entitled to compensation for services rendered in a controversy involving the full 100,868 acres. The court permitted him, against the objection of the county that the pleadings were the best evidence, to state to the jury from the witness stand what the issues were in Oxley v. Butler county, and also to elicit testimony, over the objection of the defendant, from a number of

expert witnesses on the subject of the value of services rendered in a controversy involving 100,000 acres of land.

The decision of the circuit court in the Oxley case was for the plaintiff, setting aside the 1869 decree, and quieting the Oxley company's title. From this decree the defendants, Butler county, St. Louis, Iron Mountain & Southern Railway Company, and St. Francis Lumber Company, appealed, and in favor of those defendants the decree of the trial court was reversed and the bill dismissed, but the decree of the circuit court stands as against upwards of one hundred other defendants who did not appeal. Yet the case at bar was tried on the theory that 100,000 acres were involved and a defense successfully interposed in the Oxley case.

For the purpose of showing that the defendant county had ratified the alleged contract of employment of May 7, 1890, plaintiff, against defendant's objection and exception, introduced an order of the county court, made July 1, 1895, making an allowance of and directing that warrants issue payable to plaintiff for $280 on account of expenses incurred. It was admitted that the value of the land involved in the Oxley case was $1.25 per acre.

Plaintiff testified that he advised the State Board of Education that the Oxley company had instituted the suit in question "and that something ought to be done about it," and that "the State Board of Education—the letter I wrote was dated November 15, 1889 —met before January 29, 1900, somewhere about there, I am not positive, and by their order Superintendent Coleman instructed me by letter to assist in the defense of that suit. I went to Butler county when the May term of the court came on, and presented that letter to the county court, and the county court after discussing the matter, entered an order on their record authorizing me to go on."

The defendant in error thereupon assisted R. F.

Scott, prosecuting attorney of Butler county, and on the same side were Messrs. H. S. Priest, Martin L. Clardy, and Col. Kitchen, representing the St. Louis, Iron Mountain & Southern Railroad Company, and Messers. S. M. Chapmen and L. D. Grove, representing other defendants in the Oxley Stave Company case. The plaintiff testified that the services of one attorney among seven on the same side would be worth less than if that attorney conducted his side of the case alone, but that, notwithstanding this division of responsibility, the county should pay him as much as though he had borne the entire burden of the defense.

At the close of the plaintiff's case the defendant demurred to his evidence, and, the demurrer being overruled, after excepting, it moved the court to require plaintiff to elect whether he would rely upon an alleged contract of employment by the State Board of Education or upon an alleged contract of employment with Butler county. This the trial court refused to do, and, the case proceeding, went to the jury on both theories of employment.

The county offered in evidence and the court, on plaintiff's objection, excluded the assessment of the taxable property of Butler county for the year 1890, as follows: Real estate, $1,076,218; personalty, $420,771; railroads, $584,639; merchants' licenses, $157,331; total, $2,238,959; and also the tax levied for the year 1890 to provide county revenue as follows: "For county revenue fund, on each $100 of property, 50 cents."

Defendant then interposed a demurrer to plaintiff's evidence, which was denied, and defendant excepted.

At the request of plaintiff and over the objections of defendant the court instructed the jury as follows:

"The court instructs the jury that if they find and believe from the evidence that the plaintiff was attorney for the State Board of Education on the 14th day

of November, 1889, and on said date made a report in writing to said Board of Education, directing its attention to the pendency of a certain suit in the circuit court of Butler county, Missouri, wherein the F. G. Oxley Stave Company, and Frederick G. Oxley, trustee, were plaintiffs, and Butler county and others were defendants, wherein suit 'was brought for the purpose of divesting the title from Butler county and its grantees to more than one hundred thousand acres of its swamp lands, and that said Board of Education thereupon, by its order duly made, directed plaintiff to interpose a defense in favor of said Butler county in said suit so pending in said court, and that the plaintiff in obedience to said order of said Board of Education did interpose a defense thereto for said Butler county, and gave his best efforts and services therein until said cause was finally determined in the United States Supreme Court in favor of said county and its interests therein, then you will find the issues for the plaintiff, and assess his compensation and fees as such attorney in such sum as you may find from the evidence such services were reasonably worth, not to exceed the sum asked in the plaintiff's petition, that is, the sum of eleven thousand six hundred and forty-five dollars.

"The court further instructs the jury that, as a matter of law, the order of record made by the county court of Butler county, on the 7th day of May, 1890, wherein they employed the plaintiff to assist the prosecuting attorney of Butler county in defending its interests in its swamp lands in the case of F. G. Oxley Stave Company, and Frederick G. Oxley, trustee, against Butler county and others, was made at a time when the county court had no legal power to employ plaintiff as such assistant counsel, yet if they further find and believe that after the passage and approving of the act of the Legislature of 1895, wherein they are given such powers, that said county court not only stood by and saw the plaintiff render valuable service

in its behalf by virtue of such employment, but also, on the first day of July, 1895, by order of record, furnished plaintiff with means to carry on said litigation in their behalf then pending in the Supreme Court of the United States, then they will find that said contract of employment has been by said county court ratified, and they cannot now deny such employment, nor can they accept the benefit of such services and at the same time shirk the burden of paying for said services.''

The defendant, upon its part, prayed the court to instruct the jury as follows:

''The court instructs the jury that in fixing the value of plaintiff's services they should consider the work performed, and also the amount of land in controversy in the suit referred to in plaintiff's petition, but they should not consider any land except what is alleged in said Oxley company petition to have been owned or claimed by Butler county.

''The court instructs the jury that if they find and believe from the evidence that the case of F. G. Oxley Stave Company, and Frederick G. Oxley, trustee, v. Butler County and others, is not yet finally disposed of, but is still pending, then your verdict must be for the defendant.''

These instructions the court refused, to which action and ruling of the court in so refusing to give said instructions, the defendant then and there excepted.

The court of its own motion gave the following instructions:

''The court instructs the jury that if they find and believe from the evidence that the case of F. G. Oxley Stave Co., and Frederick G. Oxley, trustee, v. Butler County and others, is not yet finally disposed of, but is still pending in the courts of the State for further litigation, then your verdict must be for the defendant, but the mere remanding of said cause by the Supreme Court of the State and its pendency merely for the purpose of dismissal in accordance with the mandate

of the Supreme Court is not such pendency as will warrant a finding for defendant.

"The court instructs the jury that in estimating the value of plaintiff's service they should take into consideration the work performed by plaintiff, also the amount of land in controversy and the value thereof, and the interest, if any, of Butler county therein."

To the giving of which said last-named instructions the defendant then and there excepted.

It may be conceded in the outset that the title to and control of all swamp and overflowed lands are vested in the several counties in which located. [R. S. 1899, sec. 8195; Barton Co. v. Walser, 47 Mo. 197; Pool v. Brown, 98 Mo. 675; Simpson v. Stoddard Co., 173 Mo. 421.] But being public lands and held by the counties in which they lie as school lands, there can be no question with respect to the right of the Legislature, under the provisions of section 4, article 11, of the Constitution of 1875, to create a State Board of Education, with power to employ an attorney in each congressional district, as provided by sections 9814 and 9817, Revised Statutes 1899, to look after them.

By section 9816 of said statute it is made the duty of said board of education to ascertain from all the counties of the State what disposition has been made of the State school fund transferred to the school townships; and when any such fund, or any part thereof, has been divested from its lawful use, it is made their duty by their attorney to institute suit for and collect the same and return it to its legitimate channel.

The direction to plaintiff by the State board was to assist in the defense of an action brought by private parties against Butler county, to set aside a decree previously rendered in favor of the county, and quiet title to the land embraced in the suit.

That plaintiff was employed as an attorney by said board for the purpose indicated is clearly shown,

but whether or not the services rendered were such as were contemplated by the statute is not entirely clear. The powers of said board are restricted to those conferred by statute, and defendant insists that it is only in the event of misappropriation of swamp land, or the funds arising from a sale thereof, that the State board is authorized to take action in the matter, and that neither of these conditions existed.

The direction of plaintiff by said board to assist in the defense of the action brought by private parties and then pending against Butler county to set aside a decree previously rendered in favor of the county and to quiet title, was, we think, within the scope of the duties of the State board, and that the services rendered by plaintiff were within the meaning of the statute, but whether so or not, it was a matter largely within the discretion of the board to whose opinion in this respect we are disposed to defer. We think it was the intention of the lawmakers to give to the State Board of Education superintending control of these lands, and to employ an attorney for the purpose, not only of prosecuting and recovering in the name of the State and in behalf of the public school of the counties within said district, such lands, or the proceeds thereof, as may have been misapplied or diverted from their legitimate use, but to defend all suits then pending or that might thereafter be instituted for any such purpose. In other words, the statute should be liberally construed in carrying out the object for which it was intended, that is, the public good.

While plaintiff virtually concedes that the order of the county court of May 7, 1890, authorizing him to assist the prosecuting attorney in regard to swamp land suits, is invalid, he insists that the county court had the right to employ the plaintiff, and, although the employment may not have been in the manner required by statute, yet, the county unquestionably ratified it, and is liable.

Upon this theory of the case the court instructed the jury as set forth in plaintiff's second instruction.

It will be observed that this suit was begun in the circuit court of Butler county on the 28th day of September, 1897, at which time the legal services sued for must have been rendered, while the act of the Legislature referred to in the instruction was not passed until March 14, 1895, and, could not therefore have had any effect whatever upon the pending controversy, for the reason that there is nothing upon its face which shows or indicates that it was intended to be retrospective in its operation, and it must, therefore, be held to be prospective only. It does not mention said two suits then pending, nor suits theretofore brought and then pending.

In Bartlett v. Ball, 142 Mo. l. c. 35, it was said:

"A law is always construed to be prospective 'unless the Legislature has so explicitly expressed its intention to make the act retrospective that there is no place for a reasonable doubt in the subject.' " [Black's Const. Law, par. 198, p. 544. See, also, Leete v. Bank, 115 Mo. 184, and cases cited; Clay v. Mayr, 144 Mo. 376; Cranor v. School District, 151 Mo. 119.]

But even if the act of 1895 was not retrospective, it would avail plaintiff nothing in this case, for it in no way attempts to ratify or confirm any act or order of the county court which we have held to be invalid.

Nor would the order directing that warrants issue payable to plaintiff for $280, on account of expenses incurred, do so. It was ruled in the case of Heidelberg v. St. Francois County, 100 Mo. 69, that a county court cannot even by order of record ratify the void acts of one of its officers, and it must logically follow that if it could not even by entry of record ratify the void order of one of its officers, it could not ratify one of its own void acts. There is no difference in principle. The reason is that a void act is incapable of ratification.

Nor does the fact that plaintiff rendered services in assisting the prosecuting attorney of Butler county in protection of its swamp land, by and with the knowledge and consent of the county court of said county, amount to a ratification by said court of his said supposed contract of employment. [Wolcott v. Lawrence County, 26 Mo. 272.]

Nor does the doctrine of estoppel apply to counties. [Heidelberg v. St. Francois County, supra; Snyder v. Railroad, 112 Mo. 527.]

The Oxley case was decided by this court at the April term, 1894. The payment, which in the instruction to the jury, is set up as a ratification, is alleged to have been made July 1, 1895. This did not amount to a ratification of the action of the county court.

The court permitted the plaintiff to testify from the stand that 100,000 acres of land were involved in the Oxley case. The pleadings in the Oxley case show that 40,000 acres were involved, that about 1,500 acres thereof were claimed by Butler county, and that the remainder had been parted with to the other defendants in the case. The plaintiff contends that he was entitled to compensation for performing services in an action involving 100,000 acres of land. The defendant, on the other hand, insisted that his compensation, if any, should be fixed on the basis of only 1,500 acres. Plaintiff was permitted to interrogate and elicit opinions from expert witnesses on the value of services in a controversy involving 100,000 acres of land. In the first instruction to the jury given at the instance of the plaintiff, the court, disregarding the fact that the petition in the Oxley case described only about 40,000 acres of land, in effect instructed the jury that 100,000 acres of land were involved. The trial court refused an instruction, asked by the plaintiff in error, to the effect that they should not consider any land except what was, in the petition in the Oxley case, alleged to have been owned or claimed by Butler county.

Upon another trial the first instruction given for plaintiff should be so modified as to embrace only such lands as are alleged in said Oxley company petition to have been owned or claimed by Butler county, and such other swamp land as belonged to the county which were actually involved in litigation, and with respect to which plaintiff rendered legal services.

Our conclusion is that the judgment should be reversed and the cause remanded.

*Gantt, J.*, concurs; *Fox, J.*, not sitting.