Harry Traub v. Buchanan County, Appellant.—108 S. W. (2d) 340.

Division Two, August 26, 1937.

*Maurice Hoffman* and *C. W. Meyer* for appellant.

728

*Homer C. King* and *W. J. Boyd* for respondent.

WESTHUES, C.—Respondent, Harry Traub, plaintiff below, filed a suit, containing forty-one counts against the county of Buchanan. The parties agreed to try the case before the court without a jury. The trial court entered a judgment in plaintiff's favor on all the counts of the petition in the amounts prayed for, and the county appealed.

In the first count plaintiff asked judgment for $493.88, alleging that as a balance due him for services rendered to the county during the year 1934. In the other counts plaintiff sued as assignee of claims due the assignors for services rendered to the county. The total amount sued for was in excess of $6000. Counts seven to fourteen, inclusive, represented claims due eight road overseers, appointed by the county court under Section 7870, Revised Statutes 1929 (Mo. Stat. Ann., p. 6755). This order was dated, March 10, 1934, which was the 28th day of the February Term. Count five represented an amount due George Barnes as road supervisor. Barnes was appointed

road supervisor, by an order of the county court, January 1, 1934. By another order of the county court, dated January 1, 1934, W. B. Stecker, assignor of count number seventeen, was appointed as a helper to the highway engineer. The other thirty-one persons to whom amounts were due, as represented by the balance of counts of plaintiff's petition, were employed by the county highway engineer. No order of the county court was made with reference to the employment of these various individuals. The county highway engineer approved all of the accounts as due to the various persons and recommended payment by the county. The services for which suit was brought were rendered mostly during the months of November and December, 1934.

No contention was made that the persons named in the forty-one counts did not render the services as represented. The county pleaded various defenses, among which was, that the county budget law, Laws 1933, p. 340 et seq. (Mo. Stat. Ann., p. 6434), was not complied with in any one of the contracts or orders forming the basis of the various claims. The county, therefore, takes the position that it was not legally obligated to pay any of the claims for which suit was brought. Respondent asserted, at the trial, that the budget law was unconstitutional. The reply filed by respondent, to the answer of the county, contained the following:

" 'That said Section 12218 at page 352 of the Laws of Missouri for the year 1933 is also unconstitutional and void as in conflict with and contravention of Section 36, Article VI of the Constitution of Missouri in that said section undertakes to deprive the County Court of its right and power to transact the business of the county and to vest said power in the county auditor of defendant county and that said Section 12218 at page 352 of the Laws of Missouri for the year 1933 is unconstitutional and void as in violation of Section 28 of Article IV of the Constitution of Missouri in that the matters undertaken to be legislated upon in said section are not clearly expressed in the title of said act.' "

Since this case was lodged here on appeal, several cases involving the budget law have been decided by this and other courts. The case of Graves v. Purcell (en banc), 337 Mo. 574, 85 S. W. (2d) 543, disposed of respondent's second contention, that the title of the act was defective. It was there decided that the title of the act was not defective. Without discussing the question again, we rule the point adversely to respondent upon the authority of that case.

The first contention, that the budget law is invalid, because by it the Legislature deprived the county court of its constitutional power to transact the business of the county and vested this power in the auditor, is without merit. The effect and intent of the budget law, as we understand it, is to compel, or at least to make it more

expedient for the county courts to comply with the constitutional provision, Section 12, Article X, Mo. Constitution, which provides that a county shall not contract obligations in any one year in excess of the revenue provided for that year. The budget law leaves the transaction of business to the county courts. But the law provides: (Sec. 19, page 350, 1933 Laws)

"No contract or order imposing any financial obligation on the county shall be binding on the county unless it be in writing and unless there is a balance otherwise unencumbered to the credit of the appropriation to which the same is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation thereby incurred and unless such contract or order bear the certification of the accounting officer so stating."

No power possessed by the county court was thereby curtailed. The budget officer simply determines whether sufficient money is provided with which to pay the obligation intended to be incurred by any contract or order presented to him for indorsement. This is a mere matter of bookkeeping. If the cash is on hand or has been provided for, it is the duty of the auditor or budget officer to make such indorsement upon the order or contract. If not, he merely refuses to make the indorsement. Prior to the enactment of the budget law, a county court had no right to incur obligations in any one year in excess of the revenue provided for that year. By the enactment of the budget law the Legislature has merely provided ways and means for a county to record the obligations incurred and thereby enable it to keep the expenditures within the income. The power of the county court not having been curtailed by the enactment of the budget law, the point made by respondent is without merit and is ruled against him.

▮▮▮▮ Respondent further argues that even though the budget law was not complied with, the county highway engineer was the duly authorized agent for the county, and since he employed the men, named in many of the counts, to do the work the county ought to be compelled to pay for the services, the benefits of which it accepted. Respondent cites Section 12109, Revised Statutes 1929 (Mo. Stat. Ann., p. 6425), which reads:

"If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law."

This section cannot be applied to the case at hand. If for no other

reason than, that the respondent sued in each count upon an express contract, claiming a stipulated contract price. The question of *quantum meruit* was not presented to the trial court and no such theory was there advanced. The record is silent as to whether there actually was any money on hand against which the accounts were chargeable. If respondent means, by the argument advanced, that the county court was estopped to assert the invalidity of the contracts, then we are confronted with the proposition that the authorities are against that contention. We need not discuss this question at length, because in a recent case, decided by the United States Circuit Court of Appeals, Eighth Circuit, this identical situation was fully considered. [See Layne-Western Co. v. Buchanan County, Missouri, 85 Fed. (2d) 343.] There, a contractor, who had performed his contract, sued the county to recover the contract price. Noncompliance with the budget law was the principal defense of the county. The court discussed the doctrine of estoppel and held that the established rule in Missouri is, that the county was not estopped to make the defense in question. Judge Stone, in Layne-Western Co. v. Buchanan County, Missouri, 85 Fed. (2d) 343, 1. c. 350, 351, a concurring opinion, had the following to say:

"The situation is that Section 19 of the Budget Act (Mo. Stat. Ann., Sec. 12126s, p. 6434) expressly states that 'no contract or order imposing any financial obligation on the county *shall be binding on the county unless* . . . there is a balance otherwise unencumbered to the credit of the appropriation to which the same is to be charged and a cash balance otherwise unencumbered in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation thereby incurred *and unless* such contract or order bear the certification of the accounting officer so stating.' (Italics added.) Concededly, none of these quoted requirements was here present.

"The Missouri rule is that, where a statute expressly states that, unless certain things are done, a contract by a political subdivision or a municipal corporation shall be invalid, there can be no estoppel urged to support the contract. [Mullins v. Kansas City, 268 Mo. 444, 459, 188 S. W. 193; Seaman v. Levee District, 219 Mo. 1, 26, 117 S. W. 1084; Edwards v. Kirkwood, 147 Mo. App. 599, 614, 127 S. W. 378; W. W. Cook & Son v. City of Cameron, 144 Mo. App. 137, 142, 128 S. W. 269, 270; also, see, Phillips v. Butler County, 187 Mo. 698, 86 S. W. 231.]"

We deem that rule applicable here.

The judgment of the trial court is, therefore, reversed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.