**H. C. "Sonny" MYERS, Sheriff, Buchanan County, Missouri, Respondent,**

v.

**BUCHANAN COUNTY, Missouri, and Buchanan County Court, Rex DeShon, Presiding Judge, et al., Appellants.**

**No. KCD26351.**

Missouri Court of Appeals, Kansas City District.

April 2, 1973.

Richard A. Heider, Asst. Pros. Atty., St. Joseph, for appellants.

Michael Paul Harris, St. Joseph, for respondent.

Before DIXON, C. J., and PRITCHARD, SHANGLER, SWOFFORD and WASSERSTROM, JJ.

PRITCHARD, Judge.

The issue is whether respondent sheriff of Buchanan County, Missouri, may be reimbursed for mileage expenses incurred in two years (1969 and 1970) in excess of amounts budgeted for that purpose.

It is stipulated: Respondent was the duly elected sheriff for a four year term beginning January 1, 1969. Buchanan County is a second class county of this state. Appellants County Judges were duly elected and assumed their duties January 1, 1971, and the county for 1969 and 1970 provided no motor vehicles for the respondent sheriff as authorized by Sec. 57.349, RSMo 1969, V.A.M.S., as amended, and respondent did for those years provide his personally owned vehicles for his official duties. In 1969 $12,000.00 was budgeted for the sheriff's mileage, and on December 22 of that year there was transferred $70.-21 into the budgeted mileage, which was paid to respondent. For 1970 $12,000.00 was again budgeted for the mileage and on November 12, 1970, an additional $1,500.00

was transferred to the mileage fund and respondent was paid a total of $13,392.50 for mileage, and the county court tendered respondent an additional $107.50 for mileage which he refused to accept. The transfers into the sheriff's mileage accounts were stipulated to be in accordance with "applicable statutes."

For 1969, respondent's mileage amounted to $13,029.11, of which $958.90 remains unpaid. For 1970 there remains unpaid $2,844.60 of a total mileage bill of $16,237.-10.

Respondent's petition was for a declaratory judgment of his right to be reimbursed for his claimed and demanded mileage under the provisions of Sections 57.300 and 57.350, RSMo 1969, V.A.M.S., in the deficiency of $3,803.50. The trial court granted judgment for that amount holding that the County Budget Act, Section 50.-660, was enacted some 12 years prior to the Act providing for mileage allowances for the operation of the sheriff's motor vehicles, and that the latter concerned public safety for which express authority for payment was given and for which advanced estimates cannot be reasonably made. The court concluded that the mileage Act controlled where there were inconsistencies between it and the County Budget Act. The issue is to be resolved by construing which of the statutory enactments control.

Section 50.660 provides in part, "No contract or order imposing any financial obligation on the county is binding on the county unless it is in writing and unless there is a balance otherwise unencumbered * * * in the treasury to the credit of the fund from which payment is to be made, each sufficient to meet the obligation incurred and unless the contract or order bears the certification of the accounting officer so stating; * * *." Section 57.300 provides for the mileage reimbursement to sheriffs, county marshals or other officers in criminal cases and in all proceedings for contempt or attachment of fifteen cents per mile for serving any ve-

nire summons, writ, subpoena or other order of court when served more than 5 miles from the place where the court is held.

Section 57.350 provides that "The sheriff may, in an emergency or when he deems it essential for the performance of the official duties of his office, permit the use of personally owned motor vehicles by members of his department, but only when no county owned vehicles are available." Reimbursement is provided at 10¢ per mile computed as per subsection 2, which also provides, "The county court shall examine every claim filed for reimbursement, and if found correct, the county shall pay to the officer entitled thereto, the amount found due as mileage."

Mo.Const. Art. VI, Sec. 26 (1945), V.A. M.S., provides that "No county * * * shall become indebted in an amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, * * *." Although it was noted in Traub v. Buchanan County, 341 Mo. 727, 108 S. W.2d 340, 342[2] (1937) that "The effect and intent of the budget law, as we understand it, is to compel, or at least to make it more expedient for the county courts to comply with the constitutional provision, * * *", there is no contention here that the $3,803.50 extra mileage above that budgeted does in fact cause the county to exceed its income and revenue and previous years unencumbered balances. Cf. Kansas City v. Brouse, 468 S.W.2d 15, 18[2] (Mo.1971).

Appellants cite successively under its three points (which are really insufficient in that they do not set forth *why* the trial court erred [Rule 84.04(d), V.A.M.R.] these cases: Traub v. Buchanan County, supra; Adair County v. Urban, et al., 250 S.W.2d 493 (Mo.1952); and State ex rel. Strong, et al., v. Cribb, 364 Mo. 1122, 273 S.W.2d 246 (Mo.1954). The Traub case did not involve the budget law in its aspects of payment of accounts not budgeted, but merely the issues of whether it was un-

constitutional as requiring the budget officer to endorse or certify the order or contract, and whether the county was estopped to assert the contract's invalidity. The Adair County case had in it the sole point of premature adoption of the county's budget for the year in question (before the regular term of the county court), at which the county adopted the contract in question, held not to result in producing disorder and chaos by unsettling Adair County's fiscal affairs for the year in question. The Cribb case held that after paying five classified claims under Sec. 50.680 (RSMo 1949), V.A.M.S., the county court could use Class 6 funds "for any lawful purpose" so long as there were no funds in the preceding five classes of funds to pay the claims therein, and the court did not violate the budget laws. These cases are in no way helpful to appellants.

On the other hand, respondent cites several cases and authority, as well as statutes, which sustain his position that he is entitled to be reimbursed for his excess, unbudgeted, mileage expenses. In Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996 (1948), the court noted that in the *absence* of legislation, the county court had discretion to make an allowance less than the prosecutor had submitted for his stenographer's salary. In State ex rel. Williamson v. County Court of Barry County, 363 S.W.2d 691, 695[9] (Mo.1963), there was a *direction of a statute* to pay a deputy circuit clerk a certain salary, and it was held that the county court in budgeting a lesser amount "had no more authority to ignore this valid directive by budgeting a lesser amount than it would have to budget an amount for salaries of county judges at an amount greater than that fixed by the Legislature." In Maxwell et al. v. Andrew County, 347 Mo. 156, 146 S. W.2d 621 (1941), again it was held that a sheriff could not retain fees received by him for the use of personally owned vehicles, absent a statute authorizing him to do so. "It is well established law that the right of a public officer to be compensated

by salary or fees for the performance of duties imposed upon him by law does not rest upon any theory of contract, express or implied, but is purely a creature of the statute. (Citing cases.)" In Gill v. Buchanan County, 346 Mo. 599, 142 S.W.2d 665 (1940), where the action was by a county judge for the balance of salary claimed to be due by reason of legislative enactment, the court held, "To properly accomplish that purpose [to keep expenditures within income], mandatory obligations imposed by the Legislature and other essential charges should be first budgeted, and then any balance may be appropriated for other purposes as to which there is discretionary power. Failure to budget funds for the full amount of salaries due officers of the county, under the applicable law, which the county court must obey, cannot bar the right to be paid the balance. Instead, it must be the discretionary obligations incurred for other purposes which are invalid, rather than the mandatory obligation imposed by the same authority which imposed the budget requirements."

The statutes here, Secs. 57.300 and 57.350, supra, allow the sheriff mileage expenses for the performance of certain duties therein set forth. As noted by the trial court, these sections were enacted after the budget law, and if not consistent therewith, must control. State ex rel. Armontrout v. Smith, 353 Mo. 486, 182 S.W. 2d 571, 574[5–7] (1944), "[T]he Budget Law cannot be construed as making invalid, contracts or agreements for which express authority of law is given specifically by other later statutes. * * * The settled rule, of course, is that in case of inconsistency the later act controls [50 Am. Jur. 357, Sec. 355.]" Sec. 57.350 provides that after examination of claims for reimbursement for mileage, if found to be correct, the county *shall* pay the amount found due therefor. Under Secs. 57.300 and 57.350, the amounts found to be due (as here not contested) are legal obligations. Such legal obligations for prior years shall be a first charge on the budget against the revenues of the budget year. Sec. 50.610, RSMo 1969, V.A.M.S. The trial court here was entirely correct in finding and concluding that respondent is entitled to reimbursement for his claimed (uncontested) mileage, there being no evidence that appellants were exceeding their income and revenues and cash on hand for the years in question.

The judgment is affirmed.

All concur.

SOMERVILLE, J., not participating because not a member of the court when the case was submitted.