FILED 83
Honorable Abe R. Paul Prosecuting Attorney McDonald County Courthouse Pineville, Missouri 64856
Dear Mr. Paul:
This is in response to a request for an opinion made by you on behalf of the county court of McDonald County as follows:
 "From the current 1977 General Revenue Fund Budget is the County Court of McDonald County, Missouri required to pay past salary for years 1975 and 1976 to County Prosecuting Attorney under provisions 56.285 and 56.291 Revised Statutes for the State of Missouri, which was not requested or budgeted for by the County Prosecuting Attorney?
 "On January 3, 1977 the County Clerk of McDonald County received 1977 Budget Estimate from the Prosecuting Attorney for salary of $7,064.70, the county clerk being newly appointed, upon research of the statutory salary of the county prosecuting attorney discovered the salary request included only the salary allowed by 56.280 provision of statutes and questioned the county prosecuting attorney why he had not requested compensation allowed under provisions 56.285 and 56.291 of statutes. The county prosecuting attorney first stated that being newly elected he had used the same salary for 1977 budget request, that had been used the previous years 1975 and 1976 in budget requests, at this point the county clerk asked that the county prosecuting attorney determine if provisions 56.285 and 56.291 should be included in 1977 budget request. On January 21, 1977 county prosecuting attorney informed county clerk by memo, with a recent Attorney General's opinion attached that he should have budgeted for the compensation under provisions 56.285 and 56.291, the county clerk agreed and included in 1977 Budget request which was approved by county court. There was no request prior to the approval of the 1977 County Budget for any past salary for years 1975 and 1976; on February 10, 1977 the prosecuting attorney requested by letter on behalf of the estate of his late Father, James L. Paul, and himself as prosecuting attorney past salary due under provisions 56.285 and 56.291 Revised Statutes of the State of Missouri. The amount requested $4,000.00 was to be distributed with $3,340.00 going to estate of former prosecuting attorney for year 1975 and the portion of 1976 prior to his death, the balance of $660.00 to present prosecuting attorney for portion of year 1976 he served by gubernatorial appointment following [the death] of his father."
McDonald County is a third class county.
In your opinion request you refer to the salary to be paid the county prosecuting attorney under the provisions of Sections 56.280, 56.285, and 56.291, RSMo.
In Opinion No. 35 issued by this office on January 20, 1977, to James P. Anderton, we stated that the prosecuting attorney in third and fourth class counties was entitled to compensation as provided for in Section 56.280 and for additional compensation provided for in Sections 56.285 and 56.291. We reaffirm such opinion.
As we understand the position of the county court judges of McDonald County, they do not think they should pay the past salary for 1975 and 1976, which was requested by the prosecuting attorney after the 1977 budget was approved; and they further believe that it is the responsibility of elected officials to figure their own salaries correctly and submit such salary requests in accordance with the provisions of Section 50.540 and that since the request was not budgeted or appropriated in the 1977 budget it should not be paid because it was not budgeted.
Section 50.540 does require county officials in counties of classes three and four to prepare and submit to the budget officer estimates of its requirements for expenditures and estimated revenues for the next budget year on or before the 15th of January, and apparently the county court is of the opinion that the compensation due the prosecuting attorney cannot be paid unless it is budgeted.
In Gill v. Buchanan County, 142 S.W.2d 665 (Mo. 1940), the question involved a county's liability for the past due salary of a county court judge which had not been budgeted by the county court. In discussing the questions before the court in this case, the court stated, l.c. 668-669:
 "Defendant also contends that plaintiff is not entitled to recover because there was not a sufficient amount provided in the 1934 county budget for county court salaries to pay salaries of $4,500 each. (Only $840 more than the total of salaries figures at $3,000 each was included in the salary fund for the county court.) However, as hereinabove noted, salaries of county judges are fixed by the Legislature and the Constitution prevents even the Legislature from changing them during the terms for which they were elected. Surely, the county court cannot change them, by either inadvertently or intentionally providing greater or less amounts in the salary fund in the budget. The action of the Legislature in fixing salaries of county officers is in effect a direction to the county court to include the necessary amounts in the budget. Such statutes are not in conflict with the County Budget Law but must be read and considered with it in construing it. They amount to a mandate to the County Court to budget such amounts. Surely no mere failure to recognize in the budget this annual obligation of the county to pay such salaries could set aside this legislative mandate and prevent the creation of this obligation imposed by proper authority. Certainly such obligations imposed by the Legislature were intended to have priority over other items as to which the county court had discretion to determine whether or not obligations concerning them should be incurred. They must be considered to be in the budget every year because the Legislature has put them in and only the Legislature can take them out or take out any part of these amounts. This court has held that the purpose of the County Budget Law was `to compel * * * county courts to comply with the constitutional provision, section 12, art. 10' by providing `ways and means for a county to record the obligations incurred and thereby enable it to keep the expenditures within the income.' Traub v. Buchanan County, 341 Mo. 727, 108 S.W.2d 340, 342.
 "To properly accomplish that purpose, mandatory obligations imposed by the Legislature and other essential charges should be first budgeted, and then any balance may be appropriated for other purposes as to which there is discretionary power. Failure to budget funds for the full amount of salaries due officers of the county, under the applicable law, which the county court must obey, cannot bar the right to be paid the balance. Instead, it must be the discretionary obligations incurred for other purposes which are invalid, rather than the mandatory obligation imposed by the same authority which imposed the budget requirements. We, therefore, hold that a county court's failure to budget the proper amounts necessary to pay in full all county officers' salaries fixed by the Legislature, does not affect the county's obligation to pay them." (Emphasis supplied)
As heretofore stated, the salary of the prosecuting attorney in third and fourth class counties is determined by the legislature by statute and which amounts to a mandate to the county court to budget such amounts and failure to do so does not prevent the creation of the obligation but it must be considered to be in the budget because the legislature has created the obligation by statute, and such obligations imposed by the legislature have priority over other items as to which the county court has discretion to determine whether or not such obligations should be incurred.
In discussing the other contention made by the county court in this case, the court stated, l.c. 669:
 "Defendant, however, contends that plaintiff should be estopped from enforcing this claim both because he failed to demand payment during the year 1934 `before the income and revenue provided for that year had been fully expended, incumbered or exhausted'; and because he was guilty of a breach of duty (since he was one of the officers charged with the management of the county's financial affairs) in failing to comply with the County Budget Law and in participating in the authorization of expenditures in excess of the revenue provided for the year of 1934. As to the first, we find nothing in the agreed statement of facts about when plaintiff first claimed that he had not been paid his full salary. Nevertheless, this court has consistently held that mere failure to claim the balance at the time is not a proper basis for estoppel in these cases.
There are several reasons for this, all based upon the following differences between public office and private employment and the different situation of a municipal corporation or a governmental subdivision of the state from a private person or corporation:
 First: Payment of salaries fixed by the Legislature is a duty imposed upon the county by the Legislature, and the county is not entitled to assume that by paying a part of this obligation it has discharged the entire debt.
 Second: To permit estoppel in such cases would make it possible for executive or administrative officers to encroach upon and exercise the legislative functions of fixing salaries of other officers and even ignore the action of the Legislature with regard to them. This is against public policy for many reasons." (Emphasis supplied)
As stated above, the failure of the prosecuting attorney to include the total amount of salary due the office does not discharge the obligation or prevent the enforcement of it.
To permit public officers elected or appointed to receive by agreement or otherwise, a less compensation for their services than fixed by law, would be contrary to "public policy" of the state. Reed v. Jackson County, 142 S.W.2d 862 (Mo. 1940).
It is the opinion of this office that under the facts submitted, McDonald County is liable for any unpaid portion of the salary that was due the deceased prosecuting attorney of McDonald County for the years 1975 and 1976 as well as the unpaid salary due the present prosecuting attorney for 1976 and 1977. The fact that it has not been included in the budget does not discharge the obligation; and since the obligation was created by statute, it has to be paid prior to other discretionary items in the budget. The fact that the officer is now deceased does not discharge the obligation which is due and payable to the estate of the deceased.
CONCLUSION
It is the opinion of this office that McDonald County is liable for any unpaid balance due the prosecuting attorney of McDonald County as salary provided for by statute for the years 1975 and 1976 without regard as to whether such salary was budgeted by the county court during such years.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN ASHCROFT Attorney General