Dear Mr. Pruett:
This letter is in response to your request for an opinion from this office asking:
 Where more than one warrant is served at the same time and at the same location by the Sheriff or a Deputy Sheriff, should each arrestee be required to pay as part of the costs of the case an amount which is normally collected to reimburse the officer for mileage pursuant to Section 57.430, RSMo?
You also stated:
 In Attorney General opinion letter No. 35 directed to me and dated May 16, 1979, you indicate that the Sheriff can not claim mileage for serving more than one warrant where several warrants are served at the same time at the same location. In the past, in servicing a State weight station on Interstate 57 in Mississippi County, the Sheriff or a Deputy has gone to the weight station from the Mississippi County Courthouse and various other locations to serve a warrant on violators. If such a procedure is reinstuted [sic] and in view of your opinion, the question arises regarding whether or not every traffic violator should have to pay as costs an amount sufficient to reimburse the Sheriff or the Deputy for mileage expense in cases where there is more than one traffic offender at the same time and same location.
 As far as the reimbursement to the Sheriff or the Deputy, it will make no practical difference under your opinion since they will be reimbursed only for the actual number of miles traveled. In a case where there are two, three, four or five or more violators, then should one or all be required to pay as costs an amount for mileage expense incurred by the Sheriff or the Deputy? If only one offender is charged, it would seem to be unfair to that person.
 Mississippi County is a Third Class County.
We enclose a copy of our Opinion No. 205-1974, which illustrates the difference between Sections 57.300 and 57.430, RSMo. Since Section 57.300 has not been amended since that opinion was issued, we will not repeat it here. See Vernon's"Missouri Legislative Service" 1979, page 15 (S.B. No. 316, 80th General Assembly), for the recent amendments to Section57.430.
Because Section 57.300 is a fee statute and not a reimbursement or compensation statute, it is applicable to the question that you ask. Although the provisions of Section 57.300 do not clearly answer your question, it is our interpretation of that section that, except where more than one writ is served in the same cause on the same trip, such mileage should be charged for the service of each such warrant when served more than five miles from the place where the court is held based on the actual distance and irrespective of whether or not other warrants in other cases are served at the same time.
In reaching this conclusion, we are aware of the holding of the Missouri Court of Appeals, Western District, in Myersv. Buchanan County, 493 S.W.2d 696 (1973), in which the court, in passing on provisions of the county budget laws, stated that Section 57.300 provides for mileage reimbursement to the sheriffs in criminal cases. While we respect the statement of that court, we are of the view that this description of Section 57.300 which was only dictum was inadvertent and incorrect. We believe that the statement of the court should not and will not be followed in future cases in which the precise issue is whether or not Section 57.300 is a nonretainable fee statute or a mileage reimbursement statute.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 205-1974