Dear Mr. Williams:
This letter is in response to your question asking whether deputy sheriffs are entitled to receive fifteen cents for each mile traveled in criminal cases and investigations under § 57.300, RSMo. Further correspondence from you indicates that you are referring to the sheriff's mileage reimbursement and that the proper section reference is § 57.350, RSMo.
In this respect we refer you to Att'y Gen. Op. No. 161, Pruett, November 27, 1979, and Att'y Gen. Op. Ltr. No. 205, Millan, June 5, 1974. While those opinions refer to third class counties, they are informative in that they point out that § 57.300 is a fee statute and not a reimbursement statute. The proper reimbursement statutes are §§ 57.350
and 57.360, RSMo. The difference between these latter two sections was stated in Att'y Gen. Op. No. 132, Hollingsworth, July 15, 1964, which we quote in part:
 Your second question is whether sheriffs and deputies in Second Class counties are entitled to reimbursement for `criminal investigation mileage'. As we understand your question, it involves necessary traveling expenses incurred in the course of the investigation of crimes, including those in which the culprit is unknown. Inherent in your question is the further basic question of whether such criminal investigation constitutes part of the official duties of a sheriff. In our opinion, this basic question must be answered in the affirmative.
 In Maxwell v. Andrew County, 347 Mo. 156, l.c. 163, 146 S.W.2d 621, the Supreme Court stated:
 `It is true that the sheriff is under a legal duty to investigate alleged crimes and to suppress crime and arrest felons.'
 And Section 57.100, RSMo, spells out the duties of sheriffs generally in the following language:
 `Every sheriff shall quell and suppress assaults and batteries, riots, routs, affrays and insurrections; shall apprehend and commit to jail all felons and traitors, and execute all process directed to him by legal authority, including writs of replevin, attachments and final process issued by magistrates.'
 We believe that both the Maxwell case and the statutory provisions above quoted impose upon sheriffs and their deputies in Second Class counties the duty of making necessary criminal investigations of the kind mentioned in your letter. The Maxwell case held, however, that absent statutory provision therefor, mileage and expenses incurred in connection with criminal investigations may not be paid to a sheriff. Thereafter, Sections 57.350, RSMo Cum. Supp. 1963, and 57.360, RSMo, were (in their original form) enacted as Sections 7 and 8 of Laws, 1945, page 1569, and these statutes have remained unchanged except as concerns the rate of reimbursement for mileage as set forth in Section 57.350.
 A study of Section 57.350, RSMo Cum. Supp. 1963, has led us to the conclusion that it has no application to the payment of mileage in criminal investigations. Its purpose is to provide for reimbursement at the specified rate for all miles actually and necessarily traveled in serving summonses, subpoenas, processes, writs and notices. Such mileage is computed from the place where court is usually held (except when court is usually held in more than one place), a provision which would not reasonably have reference to criminal investigations.
 However, it is our opinion that Section 57.360, RSMo, does authorize reimbursement, as hereinafter set forth, for travel expenses incurred in criminal investigations. This section provides, in part, as follows:
 `The sheriff and his deputies shall be reimbursed out of the county treasury, for actual and necessary traveling expenses, incurred in the performance of their official duties, in addition to the mileage above provided.'
 We construe Section 57.360 (which, as above pointed out, was enacted as a part of the same act as the original Section 57.350) to mean that in addition to those situations covered by Section 57.350 in which the sheriff is entitled to reimbursement for actual and necessary mileage expense, the sheriff is also entitled to be reimbursed for his actual and necessary travel expenses incurred in the performance of duties which are not included within the provisions of Section 57.350, and this would, of course, include reimbursement for actual and necessary travel expenses incurred in criminal investigations.
 Section 57.360 requires the sheriff to make a written claim for reimbursement for his travel expenses, setting forth all detailed and pertinent information specified by the county court in order to approve the payment thereof. Although this statute does not authorize the payment of mileage, as such, it is our opinion that the county court is authorized, in its discretion, to approve a claim for reimbursement for travel expenses either at a rate per mile or actual out of pocket expenses or other reasonable determination which the county court finds under the circumstances will not be in excess of the actual and necessary expenses incurred by the sheriff and his deputies in traveling in the course of making criminal investigations.
There is no limitation on reimbursement under §§ 57.350
or 57.360. A limitation is contained in § 57.430, Senate Bill No. 316, 80th General Assembly, which relates to third and fourth class counties.
Further, we believe that the question with respect to the budget, which is implicit in your correspondence, was resolved by the Missouri Court of Appeals, Western District, in Myers v. Buchanan County, 493 S.W.2d 696 (Mo.Ct.App. 1973). However, you should note that this office differed with respect to the court's interpretation of the provisions of § 57.300 as noted in our Opinion Ltr. No. 161-1979.
We believe this answers your questions.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Att'y Gen. Op. Ltr. No. 161, Pruett, 11/27/74 Att'y Gen. Op. Ltr No. 205, Millan, 6/5/74