KANSAS CITY, Missouri and its Director of Finance, John M. Urie, Appellants,

v.

Eugene R. BROUSE, Earle W. Frost, et al., Respondents.

No. 56131.

Supreme Court of Missouri, En Banc.

June 14, 1971.

Aaron A. Wilson, City Counselor, Sam B. Mumma, Associate City Counselor, for appellants.

John J. Cosgrove, Kansas City, for respondents.

John R. Gibson (President Kansas City Bar Ass'n.), William O. Eisler (Chairman, Municipal Courts Committee), Gary J. Brouillette, David R. Dill, for amicus curiae.

SEILER, Judge.

This is a declaratory judgment suit to determine the validity of sections of the constitutional charter of Kansas City on which depend the Kansas City ordinances which provide for retirement pay for judges of the municipal court of Kansas City. We have jurisdiction because the controversy involves the construction of certain sections of the state constitution as to whether Kansas City can provide such retirement pay. The trial court held that the charter provisions and ordinances were valid and that the retirement benefits provided thereunder should be paid by the city to those of the respondents who are eligible. The city has appealed.

The city of Kansas City is a municipal corporation existing under a constitutional charter adopted by a vote of its people February 24, 1925. Art. I, Sec. 1 (56) of the charter includes the power to "* * * exercise all powers relating to pensions, relief, insurance and retirement funds, which are now or hereafter may be permitted under the constitution and laws of the State of Missouri."

Art. VI, Sec. 25, of the 1945 Missouri Constitution was amended January 14, 1966 to provide: "* * * except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the widows and children of deceased officers and employees * * *"

On November 8, 1966, the electorate of Kansas City approved an amendment to the

city charter making substantial changes in its municipal courts, including adoption of a non-partisan court plan for the selection and retention of municipal judges, upgrading the qualifications and compensation of the judges, placing limitations on their outside activities, and providing for the system of retirement benefits which is under attack.

The city, through its director of finance, is refusing to make the retirement payments, contending it would be illegal to do so for a variety of reasons. In the main, the objection is that it takes enabling legislation from the General Assembly for Kansas City to pay retirement benefits to its retired municipal judges; there is no such enabling legislation, and, hence, the payments cannot be made.

■ The respondent judges take the position that under Art. VI, Sec. 25 of the 1945 Constitution and the charter of Kansas City, authority from the legislature is not necessary. We agree and affirm the judgment.

The matter of what Kansas City chooses to pay its municipal judges is a matter of local concern, just as it was regarded in State ex rel. Voss v. Davis (Mo.Sup.) 418 S.W.2d 163, that the length of terms of the elected officials of the city was a matter of local concern. Kansas· City elects the municipal judges under a non-partisan ballot and requires that they devote full time to the office. To get well-qualified lawyers to fill the office, the city must compete with what lawyers can make elsewhere. To do this, the voters considered it necessary to have a retirement system and their decision to approve retirement and the amount to be paid thereunder is a local affair, within the powers specified in the charter. The municipal judge occupies a sensitive position in the city government and the city logically and reasonably should be able to decide what shall be the benefits of the office.

In Grant v. Kansas City (Mo.Sup. banc) 431 S.W.2d 89, 92, in discussing the area in which a home rule charter city has control,

we quoted with approval the following from Kansas City, Mo. v. J. I. Case Threshing Machine Co., 337 Mo. 913, 87 S.W.2d 195, 202: " * * * as to its form of organization and as to its private, local corporate functions, and the manner of exercising them, the constitutional provision grants to the people of the cities designated part of the legislative power of the state for the purpose of determining such matters and incorporating them in their charter as they see fit, free from the control of the General Assembly. When matters of this nature are adopted in a charter, as prescribed by a Constitution, such charter provisions have the force and effect of a statute of the Legislature and can only be declared invalid for the same reason, namely, if they violate constitutional limitations or prohibitions * * * "

In City of Kansas City v. Marsh Oil Co., 140 Mo. 458, 41 S.W. 943, 945, we said, of the home rule charter provisions authorized by the state constitution: " * * * Such a right is entirely in accord with the genius of our institutions, bringing the regulation and government of local affairs within the observation of those who are to be affected thereby, and at the same time preventing the officious and selfish intermeddling with · the charters of our cities, without the knowledge of those whose rights are affected * * * "

Although the Kansas City charter had for many years included the power to establish retirement for its officers, it necessarily had to await the grant of such power under the state constitution, which came about by the above-mentioned constitutional amendment to Art. VI, Sec. 25, adopted January 14, 1966. The amendment provides " * * * the general assembly may authorize any * * * city * * * to provide for the retirement * * of its officers * * * ", but this does not mean an act of the legislature was required for Kansas City to proceed with the adoption of a retirement plan for its municipal judges, because the home rule charter provisions of the state constitution

have delegated the legislative power over municipal affairs to a city which accepts the same by adopting a home rule charter, as Kansas City has done, so that subsequent changes in the constitution which permit the general assembly to provide for retirement plans for cities, by construction permit a home rule charter city to make the same provisions for its officers and employees. This because the powers which the city has under its home rule charter are a direct grant from the organic law of the state, City of Kansas City v. Marsh Oil Co., supra, 41 S.W. 1. c. 945; Kansas City, Mo. v. J. I. Case Threshing Machine Co., supra.

The charter of Kansas City must be "consistent with and subject to the constitution and laws of the state", Art. VI, Sec. 19, 1945 Constitution, but in our opinion what Kansas City has done here is not an invasion of the province of general legislation, is not out of harmony with the policy of the state as declared by laws for the people at large, and is consistent with the constitution.

■ The city contends further that the charter provisions and ordinances as to retirement are invalid under Art. VI, Secs. 26(a) and (b) of the 1945 Constitution, which forbid municipal indebtedness in an amount exceeding the revenue for the year plus unencumbered balances from previous years, unless authorized by a two-thirds vote of the electorate. We do not believe these provisions are involved here, for the reason there is no evidence that the money to be paid under the retirement plan would increase the debt over the revenues of any one year.

■ The city also contends the retirement is invalid under Art. III, Sec. 39(3), which prohibits the granting of extra compensation to a public officer after service has been rendered, and under Art. VI, Sec. 25, forbidding any city from granting public money to any individual. It is true that before there was any authorization in the state constitution for pensions or retirement, this court struck down the Police

Pension Law of 1895 as violative of provisions in the 1875 Constitution similar to those cited above, State ex rel. Heaven v. Ziegenhein, 144 Mo. 283, 45 S.W. 1099. At that time the public policy of the state, as expressed in the constitution, prohibited any retirement benefits for municipal officers or employees. Now, however, Art. VI, Sec. 25, dealing with local government, as amended by the exception adopted January 14, 1966, is an expression of public policy clearly favoring retirement for municipal officers, and we, therefore, are of the opinion that the charter provisions and ordinances before us are not violative of Art. II, Sec. 39(3) or the portion mentioned above of Art. VI, Sec. 25.

Judgment affirmed.

FINCH, Acting C. J., DONNELLY, MORGAN, HOLMAN, and BARDGETT, JJ., and SHANGLER, Special Judge, concur.

HENLEY, C. J., not sitting when cause was submitted.