STATE of Missouri ex rel. Dr. Herman DREER et al., and John C. Danforth, Attorney General of the State of Missouri, Relators-Respondents,

v.

PUBLIC SCHOOL RETIREMENT SYSTEM OF the CITY OF ST. LOUIS, Missouri, a corporation, Respondent-Appellant.

No. 58380.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1975.

Kappel, Neill, Staed & Wolff, Robert E. Staed, C. William Portell, Jr., St. Louis, for relators-respondents.

John C. Danforth, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for relator-respondent, Attorney General.

Lashly, Caruthers, Thies, Rava & Hamel, John H. Lashly, Darold E. Crotzer, Jr., St. Louis, for appellant.

Edward T. Matheny, Jr., David L. West, Edward H. Sheppard, Blackwell, Sanders, Matheny, Weary, & Lombardi, Kansas City, for Amici Curiae.

HIGGINS, Commissioner.

Appeal in which the questions are whether Section 169.585, RSMo 1969, H. B.No.613, effective August 13, 1972, V.A. M.S., is an impairment of contract rights prohibited by Article I, Section 13, Missouri Constitution, V.A.M.S.; whether the statute is an unlawful grant of public money to private persons in violation of Article III, Sections 38(a) and 39(3), and Article VI, Section 25, Missouri Constitution; and whether the statute is discriminatory and a violation of the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

The statute in question:

"169.585. Certain retired teachers to be employed by retirement system as special school advisors and supervisors, when—actuarially unsound, effect of

"1. Any retired teacher now receiving retirement benefits, who served five years or more as a teacher in the public schools of this state and who retired after June 30, 1957, and prior to January 1, 1971, under the provisions of this chapter, shall, upon application to the retirement system from which he is receiving retirement benefits be employed by that retirement system as a special school advisor and supervisor. Any person so employed shall perform such duties as the board of trustees of the retirement system of which he becomes an employee directs, and shall receive a salary of five dollars per month for each year of teaching service not to exceed seventy-five dollars per month, payable by the retirement system as part of its administrative costs, but the payment to the retired person for such services, together with the retirement benefits he receives under this chapter, shall not exceed one hundred fifty dollars per month. The employment provided for by this section shall in no way affect any person's eligibility for retirement benefits under this chapter.

"2. Annually, immediately after the close of the fiscal year of each teacher re-tirement system, the actuary for the system shall determine if the payments made pursuant to the provisions of this section have impaired the actuarial soundness of the plan, and upon his certification that the soundness has been so impaired, the system shall bill each of the school districts which last employed each of these retired persons on a full-time basis for reimbursement of the amount paid to that person during the preceding fiscal year. The school districts shall forthwith accordingly reimburse the appropriate retirement system."

Relators filed petition for writ of mandamus and, among other things, alleged: they were retired employees of the St. Louis Board of Education who were currently receiving benefits from the public school retirement system; House Bill No. 613, now Section 169.585, RSMo 1969, effective August 13, 1972, V.A.M.S., provided for employment of a class of persons of which relators are members; relators applied for such employment but were refused; the refusal was "illegal, arbitrary and a deprivation of the rights and privileges of Relators granted by and under the laws of this state."

No alternative writ was issued because, by agreement, the respondent, Public School Retirement System of the City of St. Louis, filed a return to the petition for writ of mandamus. The Retirement System admitted allegations of the petition pertaining to relators' status and the existence of the Retirement System as a body corporate with power to sue and be sued; and that relators had applied for benefits pursuant to House Bill 613 and had been denied employment. The System denied that its actions were illegal and stated that the provisions of House Bill 613 were unconstitutional. It alleged that the bill discriminated against other retired persons in the system and also against members who have not yet retired and that it deprived certain members of the System of valuable rights without due process and impaired existing contractual rights. The System also took the position that House Bill

613 was a grant of extra compensation, fee or allowance to employees of the Board of Education of the City of St. Louis after services have been rendered and that it requires the Board of Education of the City of St. Louis to make an expenditure for persons who are ostensibly employed by another.

John A. Brennan, Executive Secretary of the St. Louis Public School Retirement System, testified from his records that each of the relators was a retired teacher receiving benefits from the Retirement System; that Dr. Dreer's benefits from the Retirement System have been $98.58 per month, Mr. Ruffin's benefits have been $96.94 per month, and Mrs. Staed's benefits have been $102.40 per month.

The annual report of the board of trustees for 1971, compiled by Mr. Brennan, included information taken from the auditor's report prepared by Ernst & Ernst and the actuary's report prepared by Nelson and Warren. Mr. Brennan identified the various sections of his report and stated that as of December 31, 1971, the total assets of the Retirement System fund were $64,946,451. Mr. Brennan also stated that the System was created on January 1, 1944. As of January 1, 1972, there were 7,316 nonretired members of the System with an average of 125 members retiring annually. All but seven of the employees of the St. Louis Board of Education are members of the Retirement System. Teachers, custodians, matrons, mechanics, and food service personnel of the Board are included. This is a difference from the State school retirement system which covers only teachers. The annual expenses of the System in 1971 were $87,704. Included in these expenses were the salaries of four employees, Mr. Brennan, a bookkeeper-machine operator, and two secretaries. The System also has legal and actuarial counsel. The Retirement System is operated by salary deductions from employees, contributions from the St. Louis Board of Education based upon an actu-

arial formula, and income from investment of funds. To Mr. Brennan's knowledge the Retirement System had never employed anyone as an advisor or supervisor; the staff employment specifications did not contain any such position; the Retirement System does not have the position of "special school advisor and supervisor," nor does it have anything to do with the operation of schools.

At the time of trial Mr. Brennan had received relators' applications for benefits under House Bill 613, and 212 teachers in all were eligible if the bill was found to be constitutional. That number included teachers who retired between 1961 and 1971 and currently receive less than $150 per month in benefits. If all of the 212 retired teachers were paid pursuant to the bill, it would cost the Retirement Fund $12,013.39 per month.

Mr. Brennan also testified that in 1961 there was a law enacted to increase the ceiling on which benefits could be computed and thus benefits were increased for those who retired after 1961. Furthermore, benefits were increased for those who retired prior to July 1, 1957, by House Bill 337. The effect of that bill was to give people employment as supervisors and consultants in the State Department of Education. The bill was amended to include teachers of the Retirement System of the State of Missouri, the Kansas City Retirement System, and the St. Louis Public School Retirement System. Under this bill, school teacher retirees in St. Louis who retired prior to June 30, 1957, received increased benefits, up to $150 per month. House Bill 337 was similar in nature to House Bill 513 in that any retired teacher that retired prior to 1957 could apply for a position as consultant and, if the application were accepted, then that retired teacher could qualify for an extra benefit over and above the retired benefit, up to a ceiling of $150 per month. Under House Bill 337, the Public School Retirement System of the City of St. Louis made no financial

contribution to these extra benefits. The funds that are used to provide consultant funds under House Bill 337 come from general revenue of the State of Missouri. Under House Bill 613, the funds to pay those that are employed under the terms of this bill, as advisors and supervisors, will be required to be paid, under the provisions of that Act, out of the funds of the St. Louis Public School Retirement System.

Dr. Sam Lawson, treasurer of the St. Louis Public Schools and treasurer of the Public School Retirement System, said that each year the St. Louis Board of Education makes a payment to the Retirement System. The amount of that payment is determined by the actuary. Dr. Lawson also stated that, for the first time, in 1973 the St. Louis Board of Education would be expending more money that it was receiving. He stated further that of the approximately 7,300 members of the Retirement System about 1,900 were noncertified (nonteaching) personnel and that House Bill 613 made no provision for those employees. He also stated that if the operating budget of the Retirement System were increased, the only sources from which the funds could come were contributions from members, contributions from the St. Louis Board of Education, and income from investments of those funds.

The attorney general filed application for and was granted leave to intervene in this cause.

The court made findings of fact consistent with the foregoing statement of facts, and concluded as matters of law:

"1. House Bill No. 613 was duly passed and enacted by the 76th General Assembly of the State of Missouri, and became effective on August 13, 1972.

"2. House Bill No. 613, written in plain and unambiguous language, is a valid, lawful and reasonable enactment within the powers of the Legislature of the State of Missouri, and violates neither the Constitution of the United States nor of the State of Missouri.

"3. Relators, Dr. Herman Dreer, Guy S. Ruffin and Agnes L. Staed, having submitted proper applications for employment, are entitled to be employed by Respondent, and the Respondent violated the provisions of House Bill No. 613 in refusing to accept applications from Relators for the position of special school advisors and supervisors and in its refusal to employ the Relators as requested.

"4. Based upon a maximum payable as provided in Section 1 of House Bill No. 613 of $150.00 per month, each Relator is entitled to additional monthly compensation (present pension subtracted from maximum payable) in the following amounts: Dr. Herman Dreer $51.42, Guy S. Ruffin $53.-06, Agnes L. Staed $47.60."

Upon these findings and conclusions, the court issued a writ of mandamus ordering the Retirement System "to accept the employment applications of Relators, Dr. Herman Dreer, Guy S. Ruffin and Agnes L. Staed, and to appoint them as special school advisors and supervisors as of the date of receipt of their applications," and to pay each of them the amount shown to be due them by the evidence.

The Public School Retirement System of the City of St. Louis contends:

I. House Bill 613 violates Article I, Section 13, "in that it impairs existing contract rights of non-retired members of the retirement system by unlawfully depleting the funds of the System."

II. Salaries of members covered by House Bill 613 cannot be paid by the Retirement System "because such an expenditure would be a grant of public money to private persons in violation of Article III, Section 38(a) and 39(3) and Article VI, Section 25."

III. House Bill 613 deprives members of the System of vested rights without due

process of law and discriminates unlawfully between certificated and noncertificated employees in violation of Amendments V and XIV, United States Constitution.

Amici curiae, School District of Kansas City and the Public Retirement System of the School District of Kansas City, brief in support of appellant.

Relators-respondents, of course, support their judgment, and they are joined in support of the judgment by Intervenor-relator-respondent, the Attorney General of Missouri.

Appellant argues under (I) that House Bill 613 arbitrarily imposes upon the Retirement System a duty to make expenditures not contemplated at the time the System was created nor included in the contract between the System and its members; and thus it is an impairment of contractual rights of the nonretired members of the Retirement System in that the System would have necessarily to use a portion of its funds to pay the salaries of each of the persons appointed as a special school advisor and supervisor. Appellant asserts "It is in the depletion of these funds that the existing contractual rights of the non-retired members are violated." Appellant argues also that there are no duties to be performed by the special school advisors and supervisors; and, as a consequence, existing retirement funds would be reduced through retroactive benefits to already retired members.

Appellant asserts under (II) that the portion of the Retirement System funds which comes from the Board of Education is "public money"; that House Bill 613 grants such public money to private persons in violation of Article III, Section 38(a), Missouri Constitution; that it grants extra compensation to persons after their service has been rendered or contract performed in whole or in part of violation of Article III, Section 39, Missouri Constitution; and that the grant of House Bill 613 does not come under the exception to

the rule that public money may not be granted to private individuals except for benefits upon retirement, disability, or death of persons currently employed by school boards, as provided by Article VI, Section 25, Missouri Constitution. Appellant argues that House Bill 613 requires that the persons to be employed are to be employed by the Retirement System and not the Board of Education without prescribing any duties and that there are no duties for them to perform; that House Bill 613 does not provide for a valid employment relationship but seeks by circuitous or fictitious means to provide additional benefits to a class of persons already retired.

Appellant argues under (III), in addition to its argument under (II), that House Bill 613 must fail also because it discriminates in its application against retired members of the System who were not teachers.

■ The Public School Retirement System of the City of St. Louis was established by Laws of Missouri, 1943, page 805 et seq., Sections 169.410 to 169.540, RSMo 1969, V.A.M.S. "* * * the 1943 Act and its subsequent modifications were intended to and did provide for the creation of specific contractual rights in the members of the Retirement System to obtain specific benefits upon compliance with the terms." State ex rel. Phillip v. Public School Retirement System, 364 Mo. 395, 262 S.W.2d 569, 578[8] (banc 1953).

The Act which created the Retirement System recognized that amendment of the Act might occur in its provision that "No alteration, amendment or repeal of sections 169.410 to 169.540 shall be deemed to affect the rights of members of any retirement system established thereunder * * *." § 169.510, subd. 2, RSMo 1969, V.A.M.S. See also Article I, Section 13, Missouri Constitution.

■ House Bill 613, supra, is an amendment to Sections 169.410 to 169.540,

supra, and it uses clear, plain, simple and unambiguous language to mandate employment of each of relators-respondents as a special school advisor and supervisor. The use of "shall" is indicative of the mandate, State ex rel. Hopkins v. Stemmons, 302 S. W.2d 51, 54 (Mo.App.1957); and the legislature in so directing is presumed to have acted within its constitutional powers, State ex rel. Dalton v. Metropolitan St. Louis Sewer Dist., 365 Mo. 1, 275 S.W.2d 225 (banc 1955). By its mandate, the legislature removed the matter of relators-respondents' employment as special school advisors and supervisors from the System's discretion. That House Bill 613 is dealing with "employment" of relators-respondents as opposed to a retroactive grant of retirement benefits to them is evidenced by the title of House Bill 613, Hawkins v. Mo. State Employees Retirement Sys., 487 S. W.2d 580, 583[2] (Mo.App.1972); and there does not appear to be any constitutional or statutory prohibition against relators-respondents and others similarly situated being employed by the Retirement System.

There are a number of precedents in Missouri which embrace the concept of public institutions providing special employment to retired persons in addition to *their retirement benefits.*

The obvious precedent and sample is the amendment to Chapter 169 by Section 169.-580, RSMo 1969 (H.B. 337, supra), V.A. M.S., which provides that "Any person who served as a teacher in the public schools of this state and who retired prior to July 1, 1957, under the provisions of chapter 169, shall upon application to the state department of education be employed * * * as a special advisor and supervisor * * *. Any person so employed shall perform such duties as the commissioner of education directs and shall receive a salary of seventy five dollars per month, payable out of the general revenue * * *, except that the payment * * *

for such services, together with the retirement benefits he receives * * *, shall not exceed one hundred fifty dollars per month. The employment provided for by this section shall in no way affect any person's eligibility for retirement benefits under chapter 169."

House Bill 1178, also effective August 13, 1972, now Section 104.610, RSMo 1969, V.A.M.S., provides that "Any person, other than a person receiving retirement benefits because of service in the general assembly, who, on August 13, 1972, is receiving state retirement benefits from the Missouri state employees' retirement system or the highway employees' and highway patrol retirement system, upon application to the board of trustees of the system from which he is receiving retirement benefits, shall be made, constituted, appointed and employed by the board as a special consultant * * * and for such services shall be compensated monthly, in an amount, which, when added to any monthly state retirement benefits being received, shall be equal to the state retirement benefits such person would have received if he had retired on January 1, 1972. * * * This compensation * * * shall be paid out of the general revenue * * *. The employment provided for by this section shall in no way affect any person's eligibility for retirement benefits under this chapter, or in any way have the effect of reducing retirement benefits * * *."

Section 476.450, RSMo 1969, V.A.M.S., provides: "Any person having reached the age of sixty-five years and having in this state served an aggregate of twelve years * * * as a judge or commissioner of the supreme court, or * * * of any of the courts of appeals, or as a circuit judge, or * * * of a court of criminal correction, or * * * of a court of common pleas, * * * who shall have ceased to hold such office by reason of the expiration of his term, or voluntary resignation or retirement by reason of * * * age,

\* \* \* under section 25, article 5, of the Constitution of Missouri, shall, if he so elects \* \* \*, be made, constituted and appointed a special commissioner or referee \* \* \* and shall \* \* \* be entitled to and shall receive as annual compensation, salary or retirement compensation \* \* \* a sum equal in amount to one-third the salary or compensation there or thereafter provided \* \* \* for the office from which he has retired, \* \* \* payable monthly out of the general revenue \* \* \*." Section 476.456, RSMo 1969, V. A.M.S., makes similar provisions for probate and magistrate judges.

■ Whether relators-respondents actually perform services is immaterial, because the legislature in enacting House Bill 613 did not attach any conditions to their right to be compensated for their employment as special school advisors and supervisors. State ex rel. Vossbrink v. Carpenter, 388 S.W.2d 823 (Mo. banc 1965). That case was an action for mandamus by ten county school superintendents under a statutory provision that in addition to their regular duties, they should receive additional sums as a "supervisor of school transportation," and for preparation of "a detailed budget." The defense was that there were no common school districts in the ten counties in question and hence no duties for the ten superintendents to perform as supervisors of school transportation and for preparing detailed budgets. The court held that lack of performance of all or any of such duties would not affect right to the compensation unless the law so provided, saying: "Not only could the General Assembly have attached conditions to the superintendent's receipt of compensation in connection with the school transportation and budget, it could have authorized the \* \* \* Commissioner of Education, the State Board of Education, the State Treasurer and the Comptroller or some other official to make the determination that there were no duties to perform and that therefore this part of the appro-

priated school funds should not be transferred to the counties as provided in chapter 167, but as the judgment implies that has not been done." 388 S.W.2d 1. c. 827.

■ Even if it be assumed that funds held in trust by the respondent-appellant Retirement System are "public funds," there is no violation of the constitutional provisions against use of public funds for the benefit of private persons by House Bill 613, because it provides for compensation of only those persons currently employed by the Retirement System who perform such services as directed by the System. Thus, relators-respondents and others similarly situated fall within the exception of Article VI, Section 25, because House Bill 613 applies to "persons employed or paid out of any public fund for educational services." See Hickey v. Board of Education of City of St. Louis, 363 Mo. 1039, 256 S.W.2d 775 (1953).

■ Nor does House Bill 613 violate Article III, Section 38(a), supra, because wherever the expenditure of money is mentioned in House Bill 613, it is in terms of compensation for employment. See State ex rel. Applegate v. Taylor, 224 Mo. 393, 123 S.W. 892, 913 (1909); State ex rel. Clark v. Gordon, 261 Mo. 631, 170 S. W. 892 (1914). See also Fraternal Order of Firemen of Wilmington v. Shaw, 41 Del.Ch. 399, 196 A.2d 734 (Del.1963).

■ Neither does House Bill 613 violate Article III, Section 39(3), supra, because, even if the Retirement System is a county or municipal authority within the meaning of that section, House Bill 613 does not purport to grant any extra compensation for past services rendered or contract performed in whole or in part. Again, House Bill 613 provides compensation only for current employment as directed by the System. See Kansas City v. Brouse, 468 S. W.2d 15, 18 (Mo. banc 1971); Vangilder v. City of Jackson, 492 S.W.2d 15, 18 (Mo.App.1973).

■ House Bill 613 does not impair any existing contractual rights of nonretired members of the Retirement System because there is no depletion of the System's funds to the detriment of any member of the System. The System's funds are derived from contributions from members through payroll deductions, contributions from the St. Louis Board of Education based on an actuarial formula, and income from investments of funds. Part of such funds is used for operation and administration of the System. House Bill 613 specifies that salaries of relators-respondents as employees of the System are payable as part of the System's administrative costs. House Bill 613 further specifies that if any such salary payments impair the actuarial soundness of the plan, the System shall bill the school districts which last employed any of the persons specified for reimbursement of the amount paid to such specified person during the preceding fiscal year. In this respect, actuarial soundness of the plan and nonimpairment of contractual rights in the plan of nonretired persons are synonymous. See State ex rel. Breshears v. Missouri State Employees' Retirement Sys., 362 S.W.2d 571, 577 (Mo. banc 1962).

■ Nor is there a constitutional violation in the provision for employment of relators-respondents and others similarly situated without similar provision for noncertificated retirees. If a statutory classification is based on reason, even a poor one, and treats all persons similarly situated alike, there is no constitutional violation. Haeussler Inv. Co. v. Bates, 306 Mo. 392, 267 S.W. 632 (banc 1924); Ballentine v. Nester, 350 Mo. 58, 164 S.W.2d 378 (banc 1942). And classifications according to occupations are reasonable and proper. McClellan v. Kansas City, 379 S.W.2d 500 (Mo. banc 1964). See also 60 Am.Jur.2d 909, Pensions and Retirement Funds, § 39; Voigt v. Board of Education, 413 Ill. 233, 108 N.E.2d 426 (1952).

Appellant has cited several cases which deserve distinction.

In State ex rel. Phillip v. Public Retirement System, supra, and State ex rel. Breshears v. Missouri State Employees Retirement Sys., supra, the acts in question would benefit a class of beneficiaries without reimbursement for the benefit of all other beneficiaries who would bear the burden of the plan, and thus contractual rights of the latter class would be impaired. In its citation of these two cases, appellant recognizes that House Bill 613 is not a similar "blatant attack" or as "direct in its assault" upon existing contractual rights.

State ex rel. Sanders v. Cervantes, 480 S.W.2d 888 (Mo. banc 1972), held that a provision for insurance benefits to dependents of police officers and life insurance for retired officers and employees violated Article VI, Section 25, supra, because those persons were not to perform any services in exchange for newly projected benefits. Similarly, Kizior v. City of St. Joseph, 329 S.W.2d 605 (Mo.1959), and State ex rel. Wander v. Kimmel, 256 Mo. 611, 165 S.W. 1067 (1914), involved additional compensation for services under a contract which already had been performed in whole or in part.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court. HOLMAN and SEILER, JJ., concur. BARDGETT, P. J., dubitante.