Dear Mr. Brown:
You have requested an opinion from this office as to whether the Cole County Recorder of Deeds should record a marriage license issued (several weeks before) and returned by a person perhaps whose credentials as a clergyman you question
In your request you cite Section 451.100, RSMo 1978, which states:
 Marriages may be solemnized by any clergyman, either active or retired, who is a citizen of the United States, and who is in good standing with any church or synagogue in this state, or by any judge of a court of record, other than a municipal judge. Marriages may also be solemnized by a religious society, religious institution, or religious organization of this state, according to the regulations and customs of the society, institution or organization, when either party to the marriage to be solemnized is a member of such society, institution or organization.
The person who performed the marriage ceremony in question is an "evangelist" of a church incorporated in Tennessee which you inform us has but two members in Missouri. We do not intend herein to pass on the qualifications of the person performing the ceremony. That is a matter which you must determine as prosecutor. Irrespective of such qualifications, however, we believe that the Recorder of Deeds has no discretion to refuse to record a license once issued, and therefore, must record the license in question.
Section 451.150, RSMo 1978, states:
 The recorder shall record all marriage licenses issued in a well-bound book kept for that purpose, with the return thereon, for which he shall receive a fee of three dollars to be paid for by the person obtaining the same.
Although provisions of Chapter 451 forbid the recorder from issuing a license to certain minors (Section 451.090); issuing a license to "insane, mentally imbecile or feeble-minded" persons (Section 451.020); and, finally, issuing a "license contrary to the provisions of Section 451.120 [Chapter 451]," in no statute is the Recorder prohibited from recording a license once issued. We conclude, as a result, that under the mandatory language of Section 451.150, the Recorder has no choice but to record the marriage license returned to him. See, e.g., State ex rel. Dreerv. Public School Retirement System, 519 S.W.2d 290 (Mo. 1975);State ex rel. McTague v. McClellan, 532 S.W.2d 870 (Mo.App. 1976); Opinion No. 154, Baldridge, 1965.
Very truly yours,
 JOHN ASHCROFT Attorney General