Dear Ms. Hackwood:
You have requested our legal opinion on the following questions:
 What is the effective date of Section 104.345(6), RSMo, if a retired employee is entitled to receive a benefit increase as a result of additional service credit?
 The effective date of the statute containing this provision (HB 835, 53, 591 830 of the 81st General Assembly) was May 12, 1981. Are benefit increases to be paid only subsequent to this date? Are benefit payments to be pro-rated for a partial month?
Section 104.345.6, as enacted by H.C.S.H.B. 835, 53, 591 and 830 1981 Mo. Laws 273, 283, and as it appeared in RSMo Supp. 1981,[1]
states:
 Any member of the system who served as an employee prior to September 1, 1957, but was not an employee on that date, shall be entitled to the creditable prior service that such employee would have been entitled to had such employee become a member of the retirement system on the date of its inception, if such employee has or attains ten or more years of continuous membership service. [Emphasis added.]
Prior to the enactment of Section 104.345.6, RSMo Supp. 1981, no such entitlement to creditable prior service existed.
Section 104.345, RSMo Supp. 1981, was repealed by H.C.S.H.B. 1720, 1645, and 1276, 1982 Mo. Laws 271. Section 104.345.8, RSMo Supp. 1982,[2] states:
 Any member of the system whose employment terminates on or after May 12, 1981, and who served as an employee prior to September 1, 1957, but was not an employee on that date, shall be entitled to the creditable prior service that such employee would have been entitled to had such employee become a member of the retirement system on the date of its inception, if such employee has or attains ten or more years of continuous membership service. [Emphasis added.]
Section 104.310, RSMo Supp. 1982, states:
 Whenever in sections 104.310 to 104.615, or in any proceeding under sections 104.310 to 104.615, the following words or terms are used, unless the context clearly indicates that a different meaning is intended, they shall have the following meanings:
. . .;
(20) "Employee":
 (a) Any elective or appointive officer or employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him of duties during not less than one thousand five hundred hours per year, including each member of the general assembly, but not including any employee who is currently accumulating benefits under some other retirement or benefit fund to which the state is a contributor; except persons who are members of the public school retirement system and who are employed by a state agency other than an institution of higher learning shall be deemed "employees" for purposes of participating in all insurance programs administered by the state retirement board under sections 104.310 to 104.615; and, except this definition shall not exclude any employee as defined herein who is covered only under the Federal Old Age and Survivors' Insurance Act, as amended. As used in sections 104.310 to 104.615, the term "employee" shall include civilian employees of the Army National Guard or Air National Guard of this state who are employed pursuant to Section 709 of Title 32 of the United States Code and paid from federal appropriated funds;
 (b) Any person who has performed services in the employ of the general assembly or either house thereof, or any employee of any member of the general assembly while acting in his official capacity as a member, and whose position does not normally require him to perform duties during at least one thousand five hundred hours per year, providing such service, together with any full-time service in any department which may have been earned, shall total at least eighty-four months of service; with a month of service being any monthly pay period in which the employee was paid for full-time employment for that monthly period;
. . .;
 (25) "Member", a member of the Missouri state employees' retirement system, without regard to whether or not the member has been retired; [Emphasis added in part.]
We find that Section 104.345.6, RSMo Supp. 1981 (repealed), does not create an entitlement to creditable prior service for members of the Missouri State Employees' Retirement System (hereinafter sometimes referred to as "MOSERS") who were retired on the effective date of Section 104.345.6, RSMo Supp. 1981 (repealed).
Article I, Section 13, Missouri Constitution, states:
 In order to assert our rights, acknowledge our duties, and proclaim the principles on which our government is founded, we declare:
. . . .
 That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted. [Emphasis added.]
In State ex rel. Breshears v. Missouri State Employees' Retirement System, 362 S.W.2d 571 (Mo. banc 1962), the Supreme Court of Missouri held an increase in the normal annuity of members of MOSERS to be retrospective, as applied to members who had retired prior to the effective date of the increase, and thus such increase was a violation of Article I, Section 13, Missouri Constitution. The court also indicated that to the extent the MOSERS Benefit Fund was depleted to pay retired members increased benefits for past services rendered, such gratuitous depletion of the fund would impair the State's contracts with active members who were to be paid benefits from the fund in the future.
Article III, Section 38(a), Missouri Constitution, states:
 The general assembly shall have no power to grant public money or property, or lend or authorize the lending of public credit, to any private person, association or corporation, excepting aid in public calamity, and general laws providing for pensions for the blind, for old age assistance, for aid to dependent or crippled children or the blind, for direct relief, for adjusted compensation, bonus or rehabilitation for discharged members of the armed services of the United States who were bona fide residents of this state during their service, and for the rehabilitation of other persons. Money or property may also be received from the United States and be redistributed together with public money of this state for any public purpose designated by the United States. [Emphasis added.]
Article III, Section 39(3), Missouri Constitution, states:
 The general assembly shall not have power:
. . .;
 (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part; [Emphasis added.]
In State ex rel. Cleaveland v. Bond, 518 S.W.2d 649 (Mo. 1975), the Supreme Court of Missouri held a retirement benefit act purporting to confer benefits on judges who had retired prior to the effective date of the act to be a grant of public money to former state officers that violated Article III, Sections 38(a)
and 39(3), Missouri Constitution. The court stated:
 "[T]o be valid under constitutional requirements, the pensions must be conferred upon persons who at the time of receiving the right to them are officers or employees of the municipality. They cannot be conferred upon persons who had, previously to the grant, retired from the service of the city. . . ." [Id., at 652, quoting, Dillon on Municipal Corporations, 5th Ed., § 430 (emphasis in original).]
The usual method the General Assembly uses to avoid these constitutional provisions is the "consultant contract". The consultant contract device was approved by the Supreme Court of Missouri in State ex rel. Dreer v. Public School Retirement System of the City of St. Louis, 519 S.W.2d 290 (Mo. 1975).
Section 104.610.1, RSMo Supp. 1982, states in part:
 Any person, who is receiving or hereafter may receive state retirement benefits from the Missouri state employees' retirement system, . . . , upon application to the board of trustees of the system from which he or she is receiving retirement benefits, shall be made, constituted, appointed and employed by the board as a special consultant on the problems of retirement, aging, and other state matters, for the remainder of the person's life, . . . .
Compensation for employment as a special consultant is specified in Section 104.610, RSMo Supp. 1982, as well as in Sections104.612 and 104.515.12, RSMo Supp. 1982. Nowhere is the entitlement to creditable prior service created in Section 104.345.6, RSMo Supp. 1981 (repealed), designated as compensation for or limited to special consultants. Therefore, the special consultant device may not be used at this time to "grant" creditable prior service entitlements to those members of MOSERS who retired prior to the effective date of Section 104.345.6, RSMo Supp. 1981 (repealed).
The foregoing raises serious doubts regarding the constitutionality of applying the definition of the word "member" in Section 104.310(25), RSMo Supp. 1982, to the creditable prior-service entitlement in Section 104.345.6, RSMo Supp. 1981 (repealed). If possible, statutes should be construed in harmony with the Constitution.
The General Assembly has directed that the definition of the word "member" in Section 104.310(25), RSMo Supp. 1982, is to be used "unless the context clearly indicates a different meaning is intended". Section 104.310, RSMo Supp. 1982. The historical context of this creditable prior-service entitlement shows that in the next legislative session after its enactment the General Assembly clarified the scope of Section 104.345.6, RSMo Supp. 1981 (repealed), by enacting Section 104.345.8, RSMo Supp. 1982, which provides a creditable prior-service entitlement only to those members of MOSERS "whose employment terminates on or after May 12, 1981, . . . ." Cf. State ex rel. Breshears v. Missouri State Employees Retirement System, 362 S.W.2d 571, 574 (Mo. banc 1962) (applying the definition of the word "member" to a retrospective benefit increase where there was no such later, clarifying statutory amendment).
Construing Section 104.345.6, RSMo Supp. 1981 (repealed), (1) in harmony with Article I, Section 13, and Article III, Sections38(a) and 39(3), Missouri Constitution, and (2) consistent with the later, clarifying amendment to this statute codified at Section 104.345.8, RSMo Supp. 1982, we conclude that the word "member" in Section 104.345.6, RSMo Supp. 1981 (repealed), should be read only as applying to those members of MOSERS whose employment terminates on or after the effective date of Section104.345.6, RSMo Supp. 1981 (repealed).
Having reached this conclusion regarding your first question, the second question presented is moot.
CONCLUSION
It is the opinion of this office that the creditable prior service entitlement created by Section 104.345.6, RSMo Supp. 1981 (repealed), applies only to those members of the Missouri State Employees' Retirement System whose employment terminates on or after the effective date of Section 104.345.6, RSMo Supp. 1981 (repealed).
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section A of H.C.S.H.B. 835, 53, 591 and 830, 1981 Mo. Laws at 299, purports to make this statute effective upon its passage and approval. This bill was approved by the Governor on May 12, 1981. It is the policy of this office to defend the constitutionality of statutes, including the constitutionality of emergency clauses. Accordingly, we do not measure this emergency clause against the requirements of Article III, Sections 29 and 52(a), Missouri Constitution.
[2] Section A of H.C.S.H.B. 1720, 1645 and 1276, 1982 Mo. Laws at 283, purports to make this bill effective upon its passage and approval. This bill was approved by the Governor on May 25, 1982.