Dear Ms. Hackwood:
This opinion is in response to your questions asking:
 An employee terminated under the provisions of a statute previously in effect whereby the vesting benefit requirements were greater than they are under the present statute.
 Benefit eligibility and payment is determined on the basis of the statute in effect at the time of termination. However, under the provisions of Section 104.610, RSMo [Supp. 1983] if the member has signed a consultant form "any person [emphasis added], who is receiving or hereafter may receive state retirement benefits . . . shall be compensated monthly in an amount, which, when added to any monthly state retirement benefits being received, shall be equal to the state retirement benefits the person would have received if his or her employment had terminated and he or she had retired under the provisions of the then applicable current retirement act or acts. . . [".]
 QUESTIONS: (1) Does [sic] current statute provisions govern eligibility requirement[s] for benefit payment?
 (2) If such person is eligible, what is applicable formula?
 (3) What portion of the initial benefit payment would be payable from General Revenue?
 (4) What is the application of deferred normal annuity — payable at a future date. If a member is entitled to a deferred normal annuity, are the early retirement provisions applicable since in no place does the deferred benefit section refer to early retirement.
(Emphasis in original.)
The facts stated in your opinion request are as follows:
 A member, with birthdate of 3-25-27, terminated on 4-19-66 with 17 years 9 months service.
 The retirement statute in effect on 4-19-66 required 20 years of service to receive full benefit at age 60 or 15 years service to receive full benefit at age 65, or, at age 60, the member could receive reduced benefits.
 Present Statute (Section 104.335 RSMo) provides deferred normal benefit without reduction at age 60 with 15 years service and reduced early retirement benefit at age 55 with 15 years service.
 Section 104.400 provides reduced early retirement benefit to a member who has attained age 55 and who has at least 15 years of vesting service.
Section 104.330.1, RSMo 1959, provided that a member of the Missouri State Employees' Retirement System who was other than a member of the General Assembly vested after having fifteen or more years of creditable service.
Section 104.400, RSMo Supp. 1965, provided as follows:
 1. Any member after attaining sixty years of age and having had at least fifteen years of creditable service may retire. In such case, the member shall receive a retirement annuity in an amount which is the actuarial equivalent of the normal annuity he would have received commencing at his normal retirement age.
 2. Any member after attaining sixty years of age and having had at least twenty years of creditable service, or has served six years as a member of the general assembly, may retire. In such case the member shall receive a retirement annuity which shall equal one per cent of his average compensation multiplied by the number of years of creditable service of such member, or in case of a member of the general assembly, the retirement annuity provided in section 104.390 for members of the general assembly.
Section 104.335.1, RSMo Supp. 1983, makes the calculation of deferred normal annuities dependent upon the retirement act in effect at the time employment with the state was terminated. Section 104.400, RSMo Supp. 1983, has no such provision.
In State ex rel. Cleaveland v. Bond, 518 S.W.2d 649 (Mo. 1975), and State ex rel. Breshears v. Missouri State Employees' RetirementSystem, 362 S.W.2d 571 (Mo. banc 1962), the Supreme Court of Missouri held that the granting of retirement benefit increases to persons already retired from state service violated Article I, Section 13, Missouri Constitution; Article III, Section 38(a), Missouri Constitution; and Article III, Section 39(3), Missouri Constitution.
In State ex rel. Dreer v. Public School Retirement System of theCity of St. Louis, 519 S.W.2d 290 (Mo. 1975), the court upheld the use of a consultant contract device, which authorized additional payments to retiree-consultants, as a method of avoiding the above-enumerated constitutional provisions.
Section 104.610, RSMo Supp. 1983, is a consultant contract statute entitling "[a]ny person who is receiving or may hereafter receive"
certain state retirement benefits and who makes application for employment as a consultant to "be compensated monthly, in an amount, which, when added to any monthly state retirement benefits being received, shall be equal to the state retirement benefits the person would have received if his or her employment had terminated and he or she had retired under the provisions of the then applicable current retirement act or acts, . . . ." Subsection 4 of Section 104.610, RSMo Supp. 1983, states in part: "The employment provided for by this section shall in no way affect any person's eligibility for retirement benefits under this chapter, . . . ." (Emphasis added.)
Section 104.610, RSMo Supp. 1983, applies only to people receiving or who may hereafter receive retirement benefits. This language does not evidence an intent to expand eligibility for retirement benefits through the consultant contract device. Subsection 4 of Section104.610, RSMo Supp. 1983, also does not evidence an intent to expand eligibility for retirement benefits through the consultant contract device.
Therefore, in light of the express provisions of Section 104.610, RSMo Supp. 1983, and in order to avoid the constitutional problems discussed in the Breshears and Cleaveland cases, we conclude that the formula used to determine eligibility for retirement benefits are those in effect at the time the individual in question leaves state employment,e.g., Sections 104.390 and 104.400, RSMo Supp. 1965.
In light of the answers given to the first two questions presented, the third and fourth questions are moot.
Yours very truly,
 JOHN ASHCROFT Attorney General