Dear Mr. Bailey:
This opinion is in response to your questions asking:
 1. If a holder of an outlawed state check, i.e., a check drawn on the state treasury that is void because it was not presented for payment within six months of the date of issuance, files a statement with the State Treasurer of the reason for the nonpayment pursuant to Section 30.200.1, RSMo Supp. 1984, must the holder of such outlawed check obtain an appropriation of the General Assembly specifically naming the holder of the outlawed check and identifying such outlawed check before the State Treasurer is authorized to issue a replacement check, or is an open-ended appropriation sufficient?
 2. Is there a statute of limitations applicable to the issuance of checks to replace outlawed checks if the holder of such outlawed check obtains an appropriation for the replacement check? For example, do Sections 33.120, 516.110(1), or 516.120(1), RSMo 1978, limit the time in which an application for a replacement check may be filed under Section 30.200, RSMo Supp. 1984? If a statute of limitations is applicable to the replacement check procedure in Section 30.200, RSMo Supp. 1984, is the statute of limitations the same for the replacement of outlawed welfare checks, outlawed tax refund checks, outlawed checks to state vendors, and outlawed state payroll checks?
 3. Is the reporting requirement in Section 30.370, RSMo 1978, mandatory?
We understand the term "holder" to include any person having a right to the reissuance of an outlawed check. We do not find it necessary to determine whether the appropriations discussed in answer to your first question are open-ended; we will treat those appropriations as being general appropriations.
Section 30.200.1, RSMo Supp. 1984, provides:
 1. Outstanding checks or drafts drawn by the treasurer, if not presented for payment within six months from the date of issuance, shall be void and the state treasurer shall print or cause to be printed upon all checks, drafts or evidence of payment due, the following:
 "If not presented for payment within six months from the date of issuance, this ______ (insert draft or check, etc.) shall be void."
 All moneys set aside to pay any outstanding check or draft which has not been presented for payment as required by this section shall be transferred to the general revenue. Any person who fails to present his check or draft for payment within six months from the date of issuance may receive a duplicate check or draft if he files a statement with the state treasurer of the reason for the nonpayment and obtains an appropriation made for that purpose as provided by law. Whenever a check or draft of the treasurer is paid by a depositary on a forged endorsement, upon the return of this money to the state, the treasurer may issue a new check provided the old check or draft is returned to the state treasurer.
(Emphasis added.)
Section 30.370, RSMo 1978, provides:
 The state treasurer, at the commencement of each regular session of the general assembly, shall prepare and report the names of all persons and the amounts claimed under the provisions of section 30.200. He also shall give information in writing to either house of the general assembly whenever required upon any subject connected with the treasury or touching any duty of his office, and perform all such duties as may be required of him by law.
Section 30.340, RSMo 1978 (repealed), provided for the destruction of records of the State Treasurer which had been on file in his office for five (5) years.
Sections 30.200, RSMo Supp. 1984, 30.370, RSMo 1978, and 30.340, RSMo 1978 (repealed), were originally part of a single statute, see, e.g., Section 13 of S.B. 237, 1945 Mo. Laws 1977, 1980-1981, until a statutory revision in 1949.
It is the present practice of the General Assembly to enact both general appropriations for the replacement of outlawed state checks, see, e.g., Section 5.085 of C.C.S.H.B. 5, 1985 Mo. Laws 34, 37, and specific appropriations identifying, at least, the holder of the outlawed state check and the amount of the replacement check, see, e.g., Section 5.087 of C.C.S.H.B. 5, 1985 Mo. Laws 34, 37. The practice of enacting general appropriations for the replacement of outlawed state checks appears to have originated in 1955. See Section 13.520 of H.B. 588, 1955 Mo. Laws 197, 222. Prior to 1955, the General Assembly appears to have enacted only specific appropriations naming, at least, the holder of outlawed state checks and the amount of the replacement checks. See, e.g., Section 5 of H.B. 465, 1953 Mo. Laws 185, 197.
 I. Appropriations
In part, Section 30.200.1, RSMo Supp. 1984, requires the holder of an outlawed state check to file a statement with the State Treasurer of the reason for the nonpayment and obtain "an appropriation made for that purpose as provided by law." We believe that the original intent of the General Assembly in enacting what is now Section 30.200, RSMo Supp. 1984, was to require the holder of an outlawed state check to obtain an appropriation from the General Assembly which at least specifically names the holder of the outlawed state check and states the amount of the replacement check. This belief is reinforced by Section 30.370, RSMo 1978, which requires the State Treasurer to submit a report to the General Assembly naming all persons who have filed claims for the replacement of outlawed state checks under the provisions of Section 30.200, RSMo Supp. 1984. The apparent purpose of this report is for use in drafting a specific, replacement check appropriation.
However, the General Assembly's practice of enacting general appropriations for the replacement of outlawed state checks since 1955 is not without legitimizing force. We believe that the method of making appropriations for the replacement of outlawed state checks which is most consistent with the substantive statutes enacted by the General Assembly is that method of making appropriations which at least specifically names the holder of the outlawed state check and states the amount of the replacement check; however, the State Treasurer should continue to honor general appropriations for the replacement of outlawed state checks.
 II. Statute of Limitations
Your second question asks if there is an applicable statute of limitations on the issuance of replacement checks under Section 30.200, RSMo Supp. 1984. It is our opinion that the issuance of a replacement check for an outlawed state check is a matter of grace and that the holder of an outlawed state check does not have a right to the replacement of such outlawed state check, in the absence of an appropriation to that person for the replacement check. Accordingly, as the issuance of a replacement check is a matter of grace by the General Assembly, there is no applicable statute of limitations on the issuance of replacement checks for outlawed state checks.
Section 30.200, RSMo Supp. 1984, provides its own statute of limitations by specifying that state checks are to become void after the period stated in Section 30.200, RSMo, has elapsed. (This period was reduced from one (1) year to six (6) months in 1983. H.B. 389, 1983 Mo. Laws 277.) Once the check is outlawed or void, the "statute of limitations" on the check has run. The procedure whereby one can apply for and obtain a replacement check, if one obtains an appropriation to the person requesting the replacement check, is a matter of grace with the General Assembly. Cf. State ex rel. S. S. Kresge Co. v.Howard, 357 Mo. 302, 208 S.W.2d 247, 250 (banc 1948) ("The refund of taxes illegally exacted is ordinarily a matter of governmental grace."). If the General Assembly determines that it does not wish to issue an appropriation for the replacement check, there is no "right" to a replacement check.
The situation regarding outlawed state checks differs from that found in V. S. DiCarlo Construction Co., Inc. v. State,485 S.W.2d 52, 57 (Mo. 1972), on subsequent appeal, 567 S.W.2d 394
(Mo.App. 1978), wherein the court held that the lack of an appropriation to pay a judgment against the State of Missouri may make that judgment unenforceable, but such a lack of an appropriation will not bear upon whether a claim exists against the State of Missouri. In this case, Section 30.200.1, RSMo Supp. 1984, makes the obtaining of a replacement check appropriation from the General Assembly a precondition to a "right" to the replacement check.
Your second question mentions certain statutes of limitation, including Section 516.110(1), RSMo 1978 (which provides a ten-year statute of limitations for actions "upon any writing, whether sealed or unsealed, for the payment of money or property;");[1] Section 516.120(1), RSMo 1978 (which provides a five-year statute of limitations for actions upon contracts, obligations, or liabilities); and Section 33.120, RSMo 1978 (which states: "Persons having claims against the state shall exhibit the same, with the evidence in support thereof, to the commissioner of administration, for his approval, within two years after such claims shall accrue, and not thereafter.")
We make a basic distinction between one's right to bring an action based upon the underlying obligation, e.g., a contractual obligation of the State of Missouri or a statutory obligation of the State of Missouri to make a tax refund, and one's right to bring an action upon an outlawed state check.
To the extent one has a cause of action upon an underlying obligation against the State of Missouri after having been issued a check or payment satisfying that claim, such cause of action would be limited by the applicable statute of limitations, usually the two-year statute of limitations in Section 33.120, RSMo 1978.
However, once a check has become outlawed or void under Section 30.200.1, RSMo Supp. 1984, its replacement becomes a matter of governmental grace. The fact that the outlawed state check is void means that any action based upon that check has been extinguished. The replacement of an outlawed state check is thus a matter of governmental grace, which is exercised through the appropriation process. See, e.g., Missouri Attorney General Opinion No. 71, Pigg, 1950 (indicating that if the General Assembly makes a specific appropriation for the relief of a claim upon which the applicable statute of limitations has run, the obligation to pay the claim is reinstated and the claim should be paid from the appropriation), copy enclosed.
The procedures set out in Section 30.200.1, RSMo Supp. 1984, establish two steps that one seeking a replacement check for an outlawed state check must follow: First, one must file a statement with the State Treasurer setting forth the reason for the nonpayment of the outlawed state check. Second, one must obtain an appropriation from the General Assembly for the replacement of the outlawed state check. If the name of the applicant for the outlawed state check and the amount claimed is included in the State Treasurer's report under Section 30.370, RSMo 1978, then the process of obtaining a specific appropriation for the replacement of an outlawed state check is simplified.
However, even if the statute of limitations has run on the underlying obligation and the outlawed check is void under Section 30.200.1, RSMo Supp. 1984, if the holder of the outlawed state check complies with the procedures set forth in Section30.200.1, RSMo Supp. 1984, and the General Assembly exercises its governmental grace by appropriating moneys for the replacement of that check, then the obligation to issue a check to the applicant is reinstated, and a replacement check is to be issued.
Memoranda supporting Missouri Attorney General Opinion Letter No. 173, Carpenter, 1964, indicates that the now repealed "destruction of state records" provisions in Section 30.340, RSMo 1978 (repealed), acted as an effective statute of limitations on outlawed state checks, because one cannot generally base a claim upon records which have been destroyed. The check therein in question was dated January 1, 1959, became outlawed one year later on January 1, 1960, and the Attorney General concluded that a replacement check could be issued prior to January 1, 1965. We note that Section 30.340, RSMo 1978, was repealed by House Bill No. 713, 1983 Mo. Laws 252, relating to the State Records Law. We believe that the repeal of Section 30.340, RSMo 1978, undercuts the logic behind our 1964 opinion letter, and such is hereby withdrawn.
 III. Reporting
Your third question asks if the reporting provisions of Section 30.370 RSMo 1978, are mandatory. That statute provides in part: "The state treasurer, at the commencement of each regular session of the general assembly, shall prepare and report the names of all persons and the amounts claimed under the provisions of section 30.200. . . ." (Emphasis added.) The use of the word "shall" in a statute generally indicates that the statute is mandatory. State ex rel. Dreer v. PublicSchool Retirement System of the City of St. Louis, 519 S.W.2d 290,296 (Mo. 1975). Therefore, we conclude that the reporting provisions of Section 30.370, RSMo 1978, are mandatory.
CONCLUSION
It is the opinion of this office that: (1) The holder of an outlawed state check should obtain an appropriation from the General Assembly which at least specifically names the holder of the outlawed check and states the amount of the replacement check before the State Treasurer issues a replacement check under Section 30.200.1, RSMo Supp. 1984; however, the State Treasurer should not refuse to issue a replacement check on the ground that only a general appropriation exists for the replacement of the outlawed state check in question; (2) the issuance of a replacement check for an outlawed state check is a matter of governmental grace with the General Assembly, and there is no applicable statute of limitations on the issuance of a replacement check for an outlawed state check under Section30.200, RSMo Supp. 1984; and (3) the reporting provisions of Section 30.370, RSMo 1978, are mandatory.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 71, Pigg, 1950
NOTE
[1] Clearly, the ten-year statute of limitations for actions upon writings for the payment of money does not apply herein, because the writing promising the payment of money (the outlawed check) has become void. Section 30.200.1, RSMo Supp. 1984.